YANCEY *v.* BATESVILLE TELEPHONE COMPANY.

Opinion delivered January 21, 1907.        ‐

1. TELEPHONES—PENALTY FOR DISCRIMINATION.—Under Kirby's Digest, § 7948, regulating telephone companies, the statutory penalty is recoverable (1) wherever a telephone company refuses to supply applicants for telephone connection and facilities without discrimination or partiality; (2) wherever such company imposes any condition or restriction upon any applicant that is not imposed impartially upon all other persons or companies in like situations; or (3) wherever such company discriminates against any individual or company engaged in lawful business by requiring as a condition for furnishing telephone facilities that they shall not be used in the business of the applicant, or otherwise. (Page 494.)

2. SAME—RIGHT TO EXTEND CREDIT.—A telephone company may require its charges to be paid in advance, and may extend credit for such charges to such persons as it may deem deserving, without rendering itself liable to a charge of discrimination. (Page 494.)

3. SAME—DISCRIMINATION AMONG PATRONS.—A complaint against a telephone company which alleges that plaintiff has a telephone connection with defendant's exchange at his residence, and that defendant requires him to go to the central office of the exchange and pay cash in advance before it will permit him to communicate over its long distance lines, while no such requirement is made of other subscribers, states a cause of action. (Page 495.)

Appeal from Independence Circuit Court; *William L. Moose,* Judge; affirmed.

Action by J. C. Yancey against the Batesville Telephone Company and the Southwestern Telegraph & Telephone Company. A demurrer to the complaint was sustained. Plaintiff appealed. Reversed.

*J. W. & M. House,* for appellant.

1. The question presented is the construction of § 7948, Kirby's Digest, being section 11 of the act approved March 31, 1885. Appellee's contention that the penalty of $100 only attaches to the violation of the latter part of the section is based partly upon the punctuation of the act as it appears, in the printed act and the Digest. This would be in any event a narrow construction of the act, but, by reading the original enrolled bill on file in the office of the Secretary of State, it is seen that following the words "partiality" in the third line, and "in like situations" in the sixth line of the section, commas are used, instead of semi-colons, making it clear that appellee's interpretation is untenable. The duty prescribed by the section is one which is already required by the common law; and if no penalty is attached for a violation of this duty, it furnishes no remedy which did not exist before. If appellee's construction is true, the first part of the section is a nullity—confers no rights and requires no duty not already fully protected under the common law. 50 Fed. 677; 23 Fed. 539; 10 Am. St. Rep. 114; 48 *Id.* 729; 47 *Id.* 798; 15 *Id.* 893; 46 *Id.* 769; 52 *Id.* 404; 59 *Id.* 167.

2. In this case the complaint alleges and shows that the defendant furnished facilities and telephone communication to other patrons, and refused to furnish the same to him under the same conditions and circumstances. This is a violation of the statute, and the demurrer was improperly sustained. 72 Ark. 478; 88 S. W. 834.

*W. L. & D. D. Terry,* for appellant; *Wright & Reeder, McLauren & Wozencraft* and *Walter J. Terry,* of counsel.

1. A limiting clause, or phrase, following several expressions to which it might apply, should be restricted to the last antecedent. Endlich's Interpretation of St. § 414.

It is a rule in the construction of statutes that in the first instance the grammatical sense of the words is to be adhered to. 53 Fed. 912. But courts must interpret statutes according to the ordinary and plain language used. 2 Daly, N. Y. 67; Endlich's Int. St. 11, 17 *et seq.*

Mere discrimination or inequality of prices was not actionable at common law, but only unjust discrimination or excessive or unreasonable charges. 28 Am. St. Rep. 142; 18 L. R. A. 221; 26 Am. Rep. 731; 16 *Id.* 579; 24 Ill. App. 322; 64 Ark. 274. Likewise, at common law, it is the privilege of a public carrier to charge less than a fair compensation to one person, or class of persons, and another can not justly complain so long as the terms to him are reasonable. 40 Fed. 183; 27 Fed. 532. For the same reason the extension of the courtesy of credit to one, and requiring cash of another, is not, in itself, an unlawful discrimination.

Compare Indiana Acts, 1885, p. 150; and for a history of the litigation giving rise to and growing out of this character of legislation, see 10 Am. St. Rep. 121; *Id.* 132, note; 23 Fed. 540; 47 Fed. 672; 50 Fed. 677; 66 Md. 399. From which it is seen that such legislation grew out of the efforts of rival telegraph and telephone companies to prevent unjust discriminations on the part of the Bell Telephone Company and its licensees in favor of themselves and of the Western Union Telegraph Company as against these rival companies; but these companies, being interested in both telegraphing and telephoning business, were interested in not inflicting penalties themselves; hence the penalty is directly attached to that particular clause of the section 11 which says: "Nor shall such company discriminate against any individual or company * * * by requiring as a condition for furnishing such facilities that they should not be used in the business of the applicant." * * * Note also that the promoters of this legislation obtained the repeal of § 6419, Mansf. Digest, permitting individuals to recover penalties against telegraph companies for the negligent transmittal or delivery of messages; and likewise a similar repeal in Indiana. 108 Ind. 539. These are matters proper to be considered in the interpretation of statutes. 57 Fed. 429; Endlich, Int. St. § § 28, 29.

This is a penal statute, and both the statute and the complaint must be strictly construed. 72 Ill. App. 575; 76 Me. 412; 87

Mo. 280; 40 Mich. 288; 36 Conn. 78; 30 N. C. 188; 8 Tenn. 99; 53 Ark. 423; 50 Ark. 80; 56 Ark. 226; *Id.* 47; Black on Int. Laws, 282-3; 77 Cal. 404; 69 Ind. 298. To justify the court in awarding a penalty, appellant must bring his case within the strict letter of the law affixing the penalty. 64 Ark. 284. "A general averment of discrimination, but no statement of fact which shows any," is not sufficient. 40 Fed. 392.

The question as to what constitutes reasonable, proper and equal facilities necessary involves a consideration of the place, accommodations, terms and conditions at and under which facilities are sought, as compared with those where such interchange is conceded or afforded. 37 Fed. 623. The allegation that defendants "have discriminated and shown partiality against the plaintiff continuously each for the past twelve months," standing alone, is a mere conclusion of law on the part of the pleader. 38 Ark. 519; 64 Ark. 284.

2. Section 10 of the act, and not section 11, is the one that applies to long-distance messages. Under this section, discriminations would be the matter of price or promptness. 50 Ark. 78. As to meaning of "telephone exchange" see 105 Fed. 696.

3. The facts alleged in the complaint do not constitute the character of discrimination contemplated in either section 10 or 11 of the act. 139 U. S. 127; 48 Am. St. Rep. 738; 69 Ind. 199; 1 Blackford, 151; 72 Ill. App. 569; 30 N. C. 184; 45 Ark. 298; 76 Me. 412; 87 Mo. 280; 36 Conn. 78. A complainant, to recover for a penalty, must state the facts which show unlawful discrimination. "He must be held strictly to bring himself, by his pleadings, within the conditions of the statute. It must set forth every fact necessary to show that his case is within the statute." The special circumstances must be pleaded definitely. 7 Watts, 181; 28 N. C. 352; 40 Mich. 185; 38 Ark. 521; 68 Ark. 254.

4. The complaint does not state sufficient facts to constitute a cause of action for a penalty. Cases *supra.*

*J. W. & M. House,* for appellant in reply.

A penal statute must be construed as any other. The intent of the Legislture is the paramount question, and when that is ascertained it is the duty of the court to enforce it. "Penal

statutes are not to be construed so as to work absurdity or defeat their purpose." 45 Ark. 391; 6 Wall. 395.

2. When the language of a statute or the intent of the Legislature is uncertain, punctuation may afford some indication of it, and sometimes, in doubtful cases, even decide it. Sutherland on Stat. Const. 232; Endlich, Stat. Const. § 33; 1 Abb. (U. S.), 196; 23 Fed. Cas. No. 16, 513, p. 144; 46 Ia. 673. The settled rule is that the punctuation of the original act as passed by the Legislature governs, instead of the punctuation of the printed copy, and that the printed act may be corrected by the enrolled act. 55 Vt. 174; 70 Ind. 331; Sutherland, Stat. Con. § 40; McLean, U. S. 480; 54 Miss. 378.

3. There is no good reason why the penalty should attach to the third clause of the section, and not to the others, because, without the penalty, the applicant could, under either clause, enforce his rights to the extent of obtaining equal facilities. To confine the penalty to the last clause would be class legislation. It is not intended as a limiting phrase, as contended by appellees. Endlich on Stat. Const. § 414, p. 482; Id. § 81; 70 Pa. St. 311; 2 Daly (N. Y.), 66; 15 Abb. Pr. (N. Y.), 432; 1 Black (U. S.), 55; 65 Pa. St. 311; Sutherland, Stat. Const. § 259, p. 340; *Id.* § 267, p. 350; Endlich, Stat. Const. § 381, p. 533; 100 Pa. St. 63. If a statute is valid, it is to have effect according to the purpose and intent of the lawmaker. The intent is the vital part. Sutherland on Stat. Const. 234; *Id.* 237, *et seq.*

Battle, J. The following is the complaint in this action:

"On this day comes the plaintiff, J. C. Yancey, and states that he is a resident of the city of Batesville, Independence County, Arkansas; that the defendants, the Batesville Telephone Company and the Southwestern Telegraph & Telephone Company, are corporations, each organized and created under the laws of the State of Arkansas; that the Batesville Telephone Company is engaged in operating a telephone exchange in the said city of Batesville, in said State, and in furnishing the citizens thereof with telephone connections through the central office of the exchange maintained by said defendants, so as to give the citizens of said city, who are subscribers for telephone instruments connected with said exchange, facilities for communicating with all other parties who are subscribers to said telephone and

others; that they also maintain and operate a long-distance telephone exchange from said city of Batesville to divers points at a distance from said city of Batesville. This plaintiff further states that the defendant, the Southwestern Telegraph & Telephone Company, is engaged in operating a long-distance telephone exchange in the State of Arkansas, in Pulaski, Lonoke, White, Jackson, Independence and other counties in said State of Arkansas; that the defendants operated their respective telephone exchanges in connection with each other, that is to say, a long-distance telephone connection is made at divers points by and between said defendant companies, so that a telephone message and communication may be had from Batesville to divers other parts of the State, and that said defendant kept, maintained and operated an office in the city of Batesville, and had an agent at that place for the purpose of connecting and transmitting telephone messages and communications from the city of Batesville over said long-distance lines to divers other places in the State of Arkansas and other places, so as to give parties in Batesville who are subscribers, and others, telephone connections and exchange facilities for communicating with subscribers and others who desired to communicate with persons living in divers and distant parts of the State and other States, as contemplated by the telephone service. That the plaintiff is a subscriber, and has been a subscriber for more than twelve months, to said telephone at Batesville for one or more instruments connected with said exchange, and, as a subscriber to the said telephone and exchange operated by the said defendants, Batesville Telephone Company and Southwestern Telegraph & Telephone Company, he is entitled to the same service as any other subscriber to said exchange. That, by provisions of the statutes of this State, it is made the duty of every telephone company doing business in this State to supply all applicants for telephone connections and facilities with such telephone connections and facilities without discrimination or partiality, provided such applicants comply with the reasonable regulations of such telephone company, and upon failure to do so a penalty of $100 for each day of such discrimination and partiality is provided. That said defendants, through their agents and employees, have discriminated and shown partiality against this plaintiff continuously each day for the past

twelve months; that such discrimination and partiality consisted in this, towit: That other subscribers to said telephone exchange are permitted to be connected from their respective residences and places of business through said telephone exchange for the purpose of transmitting messages and communications to divers parts of the State and other places over the long-distance lines connecting in said exchange to divers parts of the State and other places, and for such service they are charged at the office of the said exchange, and the bills therefor presented at the end of each month, while with this plaintiff, although he is a subscriber, and has been such continuously for more than twelve months, for one or more telephones connecting his residence and place of business with said exchange, said defendants refused, and have continued to refuse, and still continue to refuse, to connect his residence or place of business with said telephone exchange for the purpose of transmitting or communicating messages over said long-distance lines to subscribers and others at divers parts of the State, or elsewhere, unless this plaintiff should first come to the central office of said exchange and pay cash in advance for such telephone messages, service and communication. But that with other subscribers to said telephone exchange, who reside in Batesville and bear the same relation to said telephone exchange as this plaintiff, such charges are made at the time the service is rendered, and presented to them respectively at the end of each month. That this plaintiff has complied with and offered to comply with every reasonable rule and regulation made by said defendant companies; that he is a subscriber, and has been continuously for more than twelve months, for two telephone instruments, one at his residence and one at his place of business in the city of Batesville; and for this service he is charged as other subscribers, and his bills are presented to him at the end of each month, as to other subscribers, and he always promptly pays the same in due course of business as other subscribers. That the discrimination above mentioned has continued each and every day for more than twelve months last past, and that such discrimination is illegal, unwarranted and unjust to this plaintiff; that, by reason of said illegal discrimination and partiality shown against this plaintiff, the defendants have subjected themselves to a penalty of $100 for each and every day

for the last twelve months, aggregating 365 days and amounting to $36,500.

"Wherefore he prays judgment for the said sum of $36,500, and for such other and further relief as he may be entitled to."

The defendants demurred to the complaint, and the court sustained the demurrer, and the plaintiff appealed.

The action is based upon the following statute:

"Section 7948. Every telephone company doing business within this State, and engaged in a general telephone business, shall supply all applicants for telephone connections and facilities without discrimination or partiality, provided such applicants comply or offer to comply with the reasonable regulations of the company, and no such company shall impose any condition or restriction upon any such applicant that are [is] not imposed impartially upon all persons or companies in like situations; nor shall such company discriminate against any individual or company engaged in lawful business, by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise, under penalty of one hundred dollars for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations and time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused." Kirby's Digest.

Appellees insist that the penalty of $100 is recoverable only on account of a discrimination by the telephone company "against any individual or company engaged in lawful business by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant;" while the appellant insists that it is recoverable on account of any discrimination forbidden by the statute.

The statute may be divided into three clauses as follows:

(1) Every telephone company doing business in this State and engaged in a general telephone business shall supply all applicants for telephone connection and facilities without discrimination or partiality, provided, etc.

(2) And no such company shall impose any condition or restriction upon any applicant that is not imposed impartially upon all persons or companies in like situations.

(3)    Nor shall such company discriminate against any individual or company, engaged in lawful business, by requiring, as a condition for furnishing such facilities, that they shall not be used in the business of the applicant, or otherwise, under penalty of one hundred dollars for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations, and time to furnish the same has elapsed; to be recovered by the applicant whose application is so neglected or refused.

The penalty of $100 is not recoverable only on account of a discrimination "by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant," but as well on account of unlawful discriminations made otherwise. The statute indicates this by adding to the words quoted "or otherwise." The facilities mentioned in the third clause are evidently the facilities referred to in the first clause, and the penalty is "for each day such company continues such discrimination and refuses such facilities," etc., that is, the equal facilities required by the first clause to be furnished an applicant "without discrimination or partiality." The penalty is "to be recovered by the applicant whose application is so neglected or refused." This is the applicant "for telephone connection and facilities" mentioned in the first clause, and no other person, and the neglect or refusal referred to is the neglect to furnish such connection and facilities. All these clauses are connected and dependent on each other; and the penalty is recoverable on account of any discrimination forbidden by the statute.

Every company is entitled to compensation for telephone facilities furnished by it. It may require the charges for such services to be paid in advance. *Hewlett* v. *Western Union Tel. Co.*, 28 Fed. 181; Jones on Telegraph and Telephone Companies, § 431, and cases cited; and Creswell on "The Law Relating to Electricity," § 373, and cases cited. This power is given for its own protection. In the exercise of it, it may extend credit for such charges to persons it may deem deserving. This is a reasonable exercise of the power, and is essential to its success. No rule can be laid down by which the credit to which each person is entitled can be determined. This is dependent upon various circumstances, such as the amount of property he may have over

and above his exemptions and liabilities, his promptness in paying his debts, his being contentious, a wrangler, a fault-finder, his honesty, integrity, and other qualities. The credit due each individual depends upon himself. It can not be fixed by any rule, but must be and is left to the company to determine. The statute forbidding discriminations does not deny the right. It does not come within the evils the statute was intended to suppress. All are required to pay the same rates for the same service in like situations, but the time when it should be paid is within the peculiar province of the company to determine. This is a right of creditors, and there is no reason why it should be denied to telephone companies.

Appellant (plaintiff) alleged in his complaint that, "although he is a subscriber, and has been such continuously for more than twelve months for one or more telephones connecting his residence and place of business with said exchange (telephone exchange of defendants), said defendants refused, and have continued to refuse, and still continue to refuse, to connect his residence or place of business with said telephone exchange for the purpose of transmitting or communicating messages over said long-distance lines to subscribers and others at divers parts of the State, or elsewhere, unless this plaintiff should first come to the central office of said exchange and pay cash in advance for such telephone messages, service and communications; but that, with other subscribers to said telephone exchange, who reside in Batesville and bear the same relation to said telephone exchange as this plaintiff, such charges are made at the time the service is rendered, and presented to them respectively at the end of each month." The requirement that appellant should first go to the central office of the exchange and pay cash in advance for such telephone mesages, service and communication, when it was not required of other subscribers, was an unreasonable and unnecessary discrimination, and is forbidden by the statute. The payment of the charge is all that should concern them in that connection. All else is arbitrary and unnecessary.

Reverse and remand with directions to the court to overrule the demurrer.