REEVES *v.* STATE.

Opinion delivered December 9, 1907.

CRIMINAL LAW—EXPOSURE OF JURY TO IMPROPER INFLUENCES—BURDEN OF PROOF.—Where the court has permitted the jurors to separate in a

criminal case, and evidence has been adduced tending to show that they were exposed to improper influences, the burden is upon the defendant to show that they were improperly influenced by the exposure.

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; affirmed.

### STATEMENT BY THE COURT.

Bud Reeves was indicted for murder in the first degree for the alleged killing of one Edmond Bratton. The trial was commenced on the 24th day of August, 1907, nine jurors having been accepted, when, at the noon hour, a recess was taken. Defendant, at the time, requested that the jurors selected be kept together under charge of an officer, but his request was denied by the court, and exceptions were saved.

Lula Poindexter, for the State, testified: "I was standing at a refreshment bar at a picnic at Pilgrim's Rest talking to Edmond Bratton, my brother-in-law, when Bud Reeves looked and saw what I was doing, and said 'Howdy.' I said 'Howdy.' He said 'he got to kiss me.' I said, 'No.' He then took my hand. I grabbed it loose, and stepped back from him towards Edmond Bratton. Edmond said to me: 'Leave him; he is nothing.' Bud Reeves stepped up to Edmond, and said: 'Don't you like it?' and Edmond said 'No;' and he replied to Edmond, 'Help yourself, you s— of a b—!' and Edmond hit him. Bud Reeves had his knife open in his hand when he stepped up to Edmond. When Edmond hit him, he cut at him. Edmond dodged, and the next time he stabbed him in the neck, and I turned away. Edmond had no weapon of any kind. The knife Reeves had was a large pocket knife. This occurred in Woodruff County, Arkansas."

The other witness for the State testified to substantially the same state of facts. Some of them did not see and hear what took place when the parties first met, but all agree that Edmond said something to defendant about his conduct with the woman, and that defendant approached him with an open knife, and that, upon Edmond striking him with his fist, defendant began cutting him with the knife, and death ensued from the wounds. That deceased was unarmed, and defend-

ant cut him with a large pocket knife. That defendant stabbed him on the head, in the back, on the shoulders and on the neck.

No evidence was introduced in behalf of the defendant.

The jury returned a verdict of murder in the second degree, and fixed his punishment at twenty-one years in the penitentiary.

*O. N. Killough* and *J. F. Summers,* for appellant.

1. In view of the prejudice existing against the defendant, the nine jurors selected should have been kept together during the recess of the court; and on the motion for new trial, the affidavits attached thereto clearly showing the existence of this prejudice and that free expression was given thereto in the presence and hearing of these jurors, the burden rested upon the State, which it has not discharged, to show by competent proof that the jurors had not been influenced by such expressions. 34 Ark. 341; 26 Ark. 398; 73 Ark. 501; 57 Ark. 9; 77 Ark. 418.

2. The evidence does not sustain the verdict as to the grade of the offense—does not show any motion or premeditation on the party of appellant, but on the other hand shows that deceased precipitated the affray.

3. Under the testimony the punishment is excessive. 76 Ark. 515.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1. There was no such showing of undue influence as to cast upon the State the burden of establishing the purity of the trial.

2. The appellant had sufficient time after deceased struck him with his fist to reflect, and was not acting in self defense at the time he slew deceased. The evidence fully sustains the verdict, and the punishment is not excessive.

HART, J., (after stating the facts.) The appellant asks for a reversal upon two grounds, which are set up in his motion for a new trial.

1. He insists that the court erred in not keeping together in charge of an officer at the noon recess the nine jurors already selected to try the case, and that the jurors were subjected to improper influences. In support of that part of his motion, he

filed the affidavits of witnesses to the effect that the general topic of conversation on the street was the trial of Bud Reeves, and that the prevalent opinion was that he ought to be hanged. There was also filed the affidavit of the proprietor of a restaurant to the effect that the jurors took dinner in his house; that his house was filled with customers; that the general topic of conversation was the trial of Bud Reeves; and that the sentiment against him was frequently expressed.

The cases of *Frame* v. *State,* 73 Ark. 501, and *Vaughan* v. *State,* 57 Ark. 9, relied upon by appellant to support his contention, are not applicable to the state of facts presented in this record. It is within the discretion of the trial court to permit the jurors to separate, or to keep them together in charge of · proper officers. Kirby's Digest, section 2390.

The rule announced in the cases above referred to, which were cases where the court had ordered the jury kept together, is that in criminal cases, where evidence is adduced tending to show that the jurors have been exposed to improper influences, the burden is upon the State to show that they were not in any way influenced, biased or prejudiced by such exposure, and that, in the absence of such showing by the State, the verdict will be set aside. The rule is otherwise where the court exercises its discretion in permitting the jurors to separate. In such cases the burden is upon the defendant to show that they were improperly influenced by the exposure.

In the case under consideration, the court permitted the jurors to separate, and there was no testimony adduced to show that any conversation prejudicial to the appellant was heard by the jurors. It is not sufficient to show in such a case that they might have heard remarks prejudicial to appellant.

Here the matters complained of occurred before the completion of the jury, and the appellant, without objection on his part, proceeded with the selection of other jurors, who presumably were subjected to the same influences as those complained of in the case of the jurors already chosen.

The second error complained of is that the punishment is not warranted by the testimony and is excessive.

There was but little conflict in the evidence. The jury

evidently found that appellant was the aggressor, and that the killing was the result of a vicious and depraved disposition.

Affirmed.