## DUCKWORTH v. STATE.

### Opinion delivered June 1, 1908.

1. VENUE—CHANGE OF—CREDIBILITY OF AFFIANTS.—Under Kirby's Digest, § 2318, requiring that a petition for change of venue in a criminal case be supported by the affidavits of two credible persons, it was not error to deny a petition which was supported by affiants who swore recklessly that the minds of the inhabitants of the county were so prejudiced against defendant that he could not get a fair trial, when in fact their knowledge was limited to a few people in a small hamlet.  (Page 358.)

2. SAME—DENIAL OF SECOND PETITION.—Where a petition for change of venue was filed, and was refused because the supporting affidavits were not made by credible persons, it was not error to deny without investigation a second petition filed on the same day where defendant made no showing of surprise over, or explanation of, the failure of the former affiants to sustain their affidavits.  (Page 358.)

Appeal from Ashley Circuit Court; *George W. Norman,* Special Judge; affirmed.

*William F. Kirby* and *Dan'l Taylor,* for appellee.

HILL, C. J.  This is the second appeal of Duckworth. A former conviction under the indictment was reversed. *Duck-*

*worth* v. *State*, 83 Ark. 192. On the second trial he was convicted of larceny, and his punishment was assessed at a year in the penitentiary; and from the judgment rendered thereon he has appealed.

1. The first question is as to the action of the trial court in refusing a change of venue. The petition for change of venue was filed the 28th of January, supported by the affidavits of T. W. Carlock, J. T. Davis and N. C. Thurman. The court examined each of these witnesses as to their knowledge of the matters concerning which they had testified in their supporting affidavits, and it developed that they had sworn recklessly in testifying that the minds of the inhabitants of the county were so prejudiced against the defendant that he could not obtain a fair trial, because their knowledge was limited to only a few people in a small hamlet. Under the decisions in *White* v. *State*, 83 Ark. 36; *Duckworth* v. *State*, 80 Ark. 360; *Price* v. *State*, 71 Ark. 180; and *Jackson* v. *State*, 54 Ark. 243, there was no error in overruling the petition.

2. When the court overruled the petition for a change of venue, the defendant's attorney withdrew from the case, and declined to have anything further to do with it. Other attorneys were selected by the defendant, and, after time given for consultation and preparation, the trial proceeded. The first step taken by these attorneys was the filing of a second petition for change of venue. It was to the same effect as the one heretofore passed upon, on the same day, and was supported by T. W. Carlock, W. R. Morrell, E. D. Days and Dennis Dailey. The latter three were not upon the former petition. The court declined to hear this petition, and overruled it without investigation.

The statute (sections 2317, 2318 of Kirby's Digest) permits a defendant to file a petition for a change of venue when he believes, for the causes therein mentioned, that he cannot obtain a fair and impartial trial in that county, and it requires the petition to be supported by affidavits of at least two credible persons, qualified electors and actual residents of the county, not related to the defendant in any way. There is nothing in the statute to indicate that a defendant is at liberty to continue filing petitions for a change of venue after one is acted upon. It

might occur that an examination of the compurgators would develop that they had sworn recklessly, and yet the defendant still be entitled to a further opportunity of presenting his petition, but then he should show that he was surprised by the testimony of his compurgators failing to meet the requirements of the law and offer to bring in others who would sustain his position. In such instances it might occur that a defendant would be entitled to a further hearing on his petition, and it might be an abuse of discretion for the court to refuse to permit him to further prosecute his right to a hearing upon his petition for change of venue, when a strong showing was made indicating an injustice to him if further opportunity was not given. But no facts appeared entitling this defendant to a second hearing. The circuit judge carefully examined the witnesses, and found that they had failed to answer to the statutory requirement of being credible persons in that they had sworn recklessly in this particular. The defendant then filed another petition, supported by the affidavit of four persons (one of whom had just been examined and found wanting in information as to the matter under inquiry), without any showing of surprise over, or explanation of, the failure of his former compurgators to sustain their affidavits. In the absence of such showing it was proper for the court to disregard such petition and treat it as he did, as matter merely for vexation and delay.

3. Error is alleged in the court failing to grant a continuance. An issue of fact was made to the due diligence of the defendant and his counsel in endeavoring to procure the attendance of his witnesses, and that issue of fact has been passed upon by the trial court, and there is no abuse of discretion shown. One of the witnesses appeared and testified in the trial, and the principal ones desired were daughters of the defendant, who resided in the county.

The instructions were more favorable to the defendant than he was entitled to receive under the law. Other matters were presented in the motion for new trial, but none are found to be of any moment. The court is of opinion that the defendant had a fair and impartial trial.

Judgment affirmed.

McCULLOCH, J., dissents.