NEWTON v. STATE.

Crim. 3903

Opinion delivered October 15, 1934.

*W. E. Haynie* and *M. Rountree,* for appellant.

*Hal L. Norwood,* Attorney General, and *John H. Caldwell,* Assistant, for appellee.

JOHNSON, C. J. Appellant was indicted by the Clark County Grand Jury for the crime of first degree murder for the killing of one Barefield. Upon trial he was convicted as charged in the indictment and his punishment assessed at life imprisonment in the State penitentiary, and this appeal follows.

The evidence upon behalf of the State tended to show, and the jury was warranted in finding, the following:

On March 8, 1933, appellant and his wife were together in the business section of the town of Gurdon, and visited in the law office of Ed Haney about 3 or 4 o'clock in the afternoon. Leaving this place, which was upstairs on the east side of the railroad tracks, they traveled in a westerly direction across the railroad tracks to the business section on the west side. Barefield, the deceased, likewise was in Gurdon on this date, and both appellant and Barefield evidently contemplated trouble. About 5 o'clock appellant and his wife passed Barefield while all parties were traversing a walkway—appellant and his wife proceeding in a westerly direction and Barefield in the opposite direction. From this point the evidence is in irreconcilable conflict. That upon behalf of the State tended to show that Barefield endeavored to pass around Mrs. Newton when appellant drew his gun and began firing upon Barefield, and, after he had fallen prostrate to the ground, appellant again fired into his body. The testimony upon behalf of appellant tended to show a persistent and aggravated interference by Barefield with the domestic relations between appellant and his wife covering a long period of time, which, if believed by the jury, would have certainly warranted a much milder verdict than the one returned. It would serve no useful purpose to set out in detail the testimony of witnesses, and the above statement will suffice to show the outstanding facts and circumstances surrounding the killing.

Appellant's first contention for reversal is that the trial court erred in overruling his application for change of venue. The testimony heard by the trial court upon this application is not preserved in the bill of exceptions, therefore, under a long line of decisions of this court, we can not review his findings of fact. In other words, in the absence of the testimony heard by the trial court, we must presume the evidence heard warranted the conclusion reached. *Jackson* v. *State,* 54 Ark. 243, 15 S. W. 607; *Strong* v. *State,* 85 Ark. 536, 109 S. W. 536;

*Duckworth* v. *State,* 86 Ark. 357, 111 S. W. 268; *Spurgeon* v. *State,* 160 Ark. 112, 254 S. W. 376.

The next assignment of error relates to the action of the trial court in continuing the cause and setting it for trial in the absence of appellant. When the cause was continued and set for trial, appellant was at liberty upon bond, and was therefore voluntarily absent. The record discloses that the court set the case for trial in the absence of the defendant, but in the presence of his attorneys. In *Darden* v. *State,* 73 Ark. 315, 84 S. W. 507, we stated the rule, reading from the second headnote, as follows:

"A defendant who was out on bail cannot complain that the examination in chief of a witness for the State was conducted in his absence if he was voluntarily absent, and his attorney was present, and if defendant never asked that the examination in chief of such witness be retaken."

The rule as stated in the case, *supra,* has been consistently followed by us since its rendition. No error is made to appear because of this assignment.

Next, it is urged that the trial court erred in qualifying the jurors, Ed Williams, Otis Francis, C. W. Cypert and Carmie Cox because they had served upon a regular panel of either the grand or petit jury within the past two years. This assignment of error is made to appear by the affidavit of one of the attorneys for appellant filed after the verdict of the jury was returned. The bill of exceptions does not disclose that the named jurors were interrogated in reference to their services as jurors within two years prior to their acceptance in this case, therefore their disqualification, if any, does not appear. It is the established doctrine in this court that it must appear from the bill of exceptions that the juror imposed himself upon the court and defendant by misrepresenting the facts, and this question can not be raised after the trial, when the defendant did not avail himself of the opportunity, on the examination of the jurors on their *voir dire,* to ascertain if they possessed the necessary qualifications. *Doyle* v. *State,* 166 Ark. 506, 266 S. W.

459; *James* v. *State,* 68 Ark. 464, 60 S. W. 29; *Tell* v. *State,* 129 Ark. 180, 195 S. W. 32; *Patton* v. *State, ante* p. 133, 70 S. W. (2d) 1034. It does not appear from the bill of exceptions that the named jurors imposed themselves upon the court or appellant, therefore no prejudicial error is made to appear.

Appellant next urges that the trial court erred in permitting the jury to separate after final submission of the cause. We have construed § 3187, Crawford & Moses' Digest, as vesting in the trial courts discretionary power in reference to the enforcement of the rule against the separation of the jury prior to or after submission of the cause to the jury. *Johnson* v. *State,* 32 Ark. 310. In the later case of *Reeves* v. *State,* 84 Ark. 569, 106 S. W. 945, we stated the rule as follows:

"The rule announced in the cases above referred to, which were cases where the court had ordered the jury kept together, is that in criminal cases, where evidence is adduced tending to show that the jurors have been exposed to improper influences, the burden is upon the State to show that they were not in any way influenced, biased or prejudiced by such exposure, and that, in the absence of such showing by the State, the verdict will be set aside. The rule is otherwise where the court exercises its discretion in permitting the jurors to separate. In such cases the burden is upon the defendant to show that they were improperly influenced by the exposure."

Appellant makes no showing that the jurors while separated were exposed to improper influences; therefore no prejudicial error is made to appear by this assignment.

Finally, it is insisted that the trial court erred in giving and refusing to give certain instructions. We have carefully considered all requested, granted and refused instructions and have concluded that the issues presented were properly submitted, and no error was committed in this regard.

It follows that the judgment must be affirmed.