McSPADDEN *v.* MARSHALL.

4-9877                                            252 S. W. 2d 65

Opinion delivered October 27, 1952.

*Chas. F. Cole,* for appellant.

*W. D. Murphy, Jr.,* for appellee.

HOLT, J. This is a suit in ejectment.

Appellees alleged in their complaint that they were the legal heirs of G. F. Marshall, who died in 1950, and claimed title under his will to a small strip of land (here-

inafter described) in the town of Bethesda, Independence County. They further alleged that Mr. Marshall obtained a deed (introduced in evidence) to the property in question August 27, 1924, from W. C. Robertson and wife, under the following description: "Part of the northeast quarter of the northwest quarter of section seven in township thirteen north, range seven west, described thus: beginning at the southeast corner of said quarter section, running north 454 feet, thence west 75 feet for a place of beginning, this being the beginning corner for the land herein conveyed, thence south 112 feet, thence west 200 feet, thence north 10 feet to the east line of the land heretofore conveyed by G. F. Luster and wife to J. K. Defries, thence along the east line of said tract 102 feet, thence east 200 feet to the beginning corner," and that this deed conveyed to their father 112 x 200 feet out of the northwest corner of the land sold to W. C. Robertson and Ruby Leonard by J. F. Luster July 3, 1923; that appellant, Mrs. McSpadden, claims some interest in the land, but denied that she had any interest.

Appellees further alleged that she (appellant) "does own some real estate that is adjacent to and contiguous with the property of the plaintiffs, that said property was acquired in 1933 by deed . . . and in said deed it is specifically stated that the property conveyed to Chattie McSpadden specifically excludes the G. F. Marshall lot, and metes and bounds description of the Marshall lot is given." We shall later set out the description in this deed.

Mrs. McSpadden answered with a general denial and asserted title to the property by adverse possession.

On a jury trial, there was a verdict for appellees and from the judgment is this appeal.

By stipulation, a number of deeds were introduced in evidence, including those alleged in appellees' complaint.

Appellant first contends that the description of the strip of land in question, as shown in the deed from Robertson to Marshall (August 27, 1924, above) shows that the description provides for a point of beginning as

follows: ''Thence west 75 feet for a place of beginning'' and that when followed does not describe the land in controversy.

The record reflects that Mr. Sims, a former county surveyor, whose competence and qualifications are not questioned, made a survey of the land involved and a map or plat of this survey was introduced and admitted in evidence, without proper objection and exceptions, and is reproduced immediately following in this opinion.

EXHIBIT **6**

Mr. Sims' version of how he made the survey and prepared the plat is to the following effect (quoting from appellant's abstract): "I located the 112 ft. x 200 ft. tract two ways. By the first way I started at the southeast corner (Point No. 1 on plat) and went north 454 feet, or 27½ rods to the corner in the street, (Point No. 9 on plat). Then, I believe the first deed I tried to use was this one that called for 75 feet. (. . . the deed from W. C. Robertson and wife to G. F. Marshall). After I measured 75 feet, I saw there was an error. The east line of the Marshall tract would have been through the McSpadden house. I then used the other two descriptions and measured over to the northwest corner of the 4-acre tract; (Point No. 3 on plat), which was the northwest corner of the J. K. Defries tract; then I measured 50 feet east and 112 feet south and found an iron pin which was 112 feet from the northeast corner of the J. K. Defries tract, (Point No. 6 on plat), which was the southwest corner of the Marshall tract; I then went east 200 feet, then north 112 feet, then back west 200 feet to the point of beginning. . . .

"I have numbered each of the corners of the Marshall tract on the plat; No. 6 is the southwest corner; No. 8 is the northeast corner; No. 7 is the southeast corner; No. 4 is the northwest corner. The Marshall store was entirely within the tract, none of Mrs. McSpadden's building was on this tract; . . . I concluded the Marshall tract is where I have located it on the plat."

Mrs. McSpadden testified that her claim to the strip of land (in addition to claim by adverse possession) was based on her deed from J. A. Luster on November 17, 1933, containing the following description: "Part of the northeast quarter of the northwest quarter of section seven (7), township thirteen north, range seven west, described as follows: Beginning at the southeast corner of said quarter, running north 27½ rods, thence west 23½ rods, thence south 27½ rods, thence east 23½ rods to the place of beginning, *except* one lot 102 feet north and south by 50 feet wide in the northwest corner of said tract and the lot owned by C. F. Marshall,

beginning at the northeast corner of the J. K. Defries lot, running east 200 feet, thence south 112 feet, thence west 200 feet to the east boundary of said J. K. Defries lot.''

We think it clear that when the above deed to Mr. Marshall from his predecessor in title, Robertson, in which is described the Defries' exception as shown on the plat, also the deed from Robertson and wife to J. A. Luster (Mrs. McSpadden's predecessor in title) on December 1, 1927, under the following description: ''A part of the northeast quarter of the northwest quarter of section seven (7), township thirteen (13) north, range seven (7) west, more accurately described as follows: Beginning at the southeast corner of said quarter, running thence north 27½ rods, thence west 23 1/3 rods, thence south 27½ rods, thence east 23 1/3 rods to place of beginning, except one parcel of ground measuring 102 feet north and south by 50 feet east and west, lying in the northwest corner of above described tract of four acres, said 50 x 102 foot lot having been previously sold to J. K. Defries by G. F. Luster and wife, and EXCEPT one other parcel of ground measuring 200 feet east and west and 112 feet north and south lying in the northwest corner of above described tract of four acres, and lying east of and adjoining the parcel sold to J. K. Defries, said parcel of ground 112 x 200 feet having been sold by W. C. Robertson and wife to C. F. Marshall,'' and the deed from J. A. Luster to Mrs. McSpadden, above, are all considered, there is obviously no error in the method used by Sims in his survey and the plat he made of the strip of land involved conforms to the descriptions involved in the deeds and correctly located and described the Marshall tract involved.

Appellant's contention that the court erred in using the following language: ''The plaintiff has set out a record title of the property'' in its instruction No. 1, is untenable for the reason that appellant has failed to abstract all the instructions given by the court and the presumption must be indulged that the other instruc-

tions supplied any deficiency in Instruction No. 1. Therefore, appellant cannot complain.

We announced the controlling and long established rule in *Southeast Arkansas Telephone & Power Company* v. *Allen*, 191 Ark. 520, 87 S. W. 2d 35. We there said: ''The legal presumption by which we are bound is that other instructions were correct and met or supplied any alleged deficiencies in those criticised in the brief.'' See cases there cited.

On the question of appellant's claim of ownership by adverse possession, it suffices to say that the jury, on conflicting testimony, found against her, on substantial evidence.

Finally, appellant alleges error in the following procedure reflected by the record: After the jury had been given the case, it returned and propounded this question to the court: ''What the jury wanted to know was if we were to find in favor of the plaintiff, would it have any effect on the ownership of the Chattie McSpadden house? In other words, the deeds say go west 75 feet, then south. By the Court: I will say this to you, subject to correction, if the court remembers the proof in the record, it would not involve the question of the house. Am I right? By Mr. Murphy: The plaintiffs would stipulate that it would not. By Mr. Cole: I think the pleadings in the case would be determinative of what the issues would be in that. If they are claiming under the deed, I think it would, because that is as much a part of the deed as anything else. By Mr. Murphy: I will state in open court that we have disclaimed and do disclaim their house through the metes and bounds description as amended. By Mr. Cole: I object to whatever statement you might make and any kind of a statement relative to what you disclaim. By the Court: As the court remembers the proof, the 30 feet or more in question here does not involve title to Mrs. McSpadden's house. Does that answer your question? . . . Gentlemen, according to the proof in the record as the Court remembers it, and according to the plat which is in evidence here, and by which the plaintiffs are bound, the

property in question in this lawsuit does not include the house of Mrs. McSpadden.''

We find no error.

Appellees' witnesses testified as to the location of the property. The survey of Sims and the plat above which he prepared show that Mrs. McSpadden's house was not within the boundary of the Marshall tract. In fact, appellees did not claim her house and the jury was so told by the court. It is difficult to see how any prejudice could have resulted to appellant in this connection.

Finding no error, the judgment is affirmed.

WARD, J., not participating.