## ESTES *v.* CHESNEY.

Decided May 9, 1891.

1. *Appeal—Bill of exceptions—Petition for change of venue.*
   A petition for a change of venue with the supporting affidavits must be brought upon the record by bill of exceptions.

2. *Wrongful attachment—Evidence of damages.*
   In assessing damages for a wrongful attachment evidence is admissible to prove the value of the property before seizure and the extent of its depreciation at the time of its restoration; but not to show that, had the levy not been made, the debtor would probably within a short time have sold the property at a reduced price.

APPEAL from *Yell* Circuit Court, Danville District.
JORDAN E. CRAVENS, Judge.

Appellants sued out an attachment for the property of appellees, alleging a fraudulent disposition thereof. The attachment was dissolved. Judgment against appellants was rendered on the attachment bond for damages sustained by the wrongful issuance of the writ. The facts are stated in the opinion.

*Davis & Bullock* for appellants.

1. The court erred in refusing a change of venue. Mansf. Dig., sec. 6479; *ib.*, sec. 5060.

2. The court erred in discharging the attachment. *Ib.*, sec. 69; Bump. Fr. Conv., pp. 34, 50.

3. The court erred in admitting incompetent testimony and excluding competent testimony. 34 Ark., 710. The damages must be compensatory merely, or in case of closing business the probable profits during stoppage only. *Ib.*, 37 Ark., 612; *ib.*, 614; 51 Ark., 380; Drake on Att., sec. 175. Prospective profits and change in market value cannot be assessed as damages. Drake, Att. (5th ed.), sec. 175; 34 Ark., 710.

*Hall & Harrison* for appellee.

The petition for change of venue was properly denied, and the attachment properly dissolved. This court will not reverse upon the mere weight of evidence. As to the

measure of damages the instructions were less favorable to defendant than the rule laid down in 34 Ark., 710, and 37 *ib.*, 612. The evidence shows that no ground of attachment existed, and the damages were compensatory merely.

1. Bill of exceptions should contain petition for change of venue.

HEMINGWAY, J. 1. The appellants insist that the judgment should be reversed because the court improperly denied their motion for a change of venue. This is a question which we cannot consider, for the reason that the petition for a change of venue and supporting affidavits are not brought upon the record by bill of exceptions. *Stearns* v. *Ry. Co.*, 94 Mo., 317; *Wolff* v. *Ward*, 16 S. W., 161.

2. Evidence of damages in wrongful attachment.

2. It was competent for the defendant to prove the value of his goods before their seizure under the attachment, and also the extent of their depreciation in value at the time of their restoration to him, as the testimony tended to show that the depreciation was occasioned by the seizure. For this reason we think the appellants' objection to the admission of testimony was properly overruled.

3. The appellants could not reduce the appellee's recovery for damages occasioned by attaching his goods and closing his store by proving that he would probably have sold them in bulk within a short time after the levy at a reduced price. The sale was entirely conjectural and might never have been made, and proof that it was contemplated was therefore incompetent. The proof that such sale if made would have been at reduced price was further incompetent for the reason that it had no tendency to fix the real damage. One whose property is injured by the wrongful act of another is entitled to recover to the extent of its injury, although he may have intended to give it away or sacrifice it in the near future. For the reason indicated we think there was no error in excluding the testimony offered by appellants.

Finding no error in the record, the judgment will be affirmed.