428           FERGUSON *v.* STATE.           [95

<hr>

## FERGUSON *v.* STATE.

### Opinion delivered June 20, 1910.

1. CRIMINAL LAW—PRESENTATION OF MOTION FOR NEW TRIAL TO COURT.—The failure of the trial court to read or have read the motion for new trial and the supporting affidavits can not deprive the accused of a new trial if he was entitled to it. (Page 430.)

2. SAME—SEPARATION OF JUROR—PRESUMPTION.—The separation of a juror from his fellows during the trial of a felony casts upon the State the burden of showing that no improper influence was brought to bear upon the juror during his absence; and if the State fails to show that he was not subjected to improper influence during such separation, the defendant will be entitled to a new trial. (Page 430.)

3. HOMICIDE—SELF-DEFENSE.—No one, in resisting an assault made upon him by another, is excused in taking his assailant's life unless it is necessary to save his own life or prevent great bodily injury, and he must have employed all the means in his power, consistent with his safety, to avoid the danger and avert the necessity of killing. (Page 431.)

4. SAME—INVITED COMBAT—SELF-DEFENSE.—One who has provoked an attack upon himself can not be excused for killing his assailant in order to save his own life or to prevent great bodily injury until he has in good faith withdrawn from the combat as far as he can and done all in his power to avoid the danger and avert the necessity of the killing. (Page 432.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

*Henry Stevens, C. W. McKay* and *Powell & Taylor,* for appellant.

The separation of the jury without an order of court is *prima facie* ground for a new trial. 44 Ark. 115; 57 Ark. 1; 73 Ark. 501; 84 Ark. 569; 12 Ark. 782; 33 Ark. 317; 20 Ark. 36; *Id.* 53; 26 Ark. 323; 28 Ark. 155; 34 Ark. 341; 35 Ark. 118. If the assault is so fierce as to make it apparently as dangerous to retreat as to stand, it is not the duty of one assaulted to retreat. 49 Ark. 547; 64 Ark. 147; 62 Ark. 286. Inconsistent and contradictory instructions should not be given. 13 Ark. 360; 54 Ark. 588; 55 Ark. 397.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

Appellant must show that the juror separated from his fellow jurors was exposed to improper influences. 57 Ark. 1; 44 Ark. 115; 20 Ark. 36; 20 Ark. 60; 7 Eng. 810; 13 Ark. 320; 73 Ark. 510.

BATTLE, J. At the August, 1909, term of the Columbia Circuit Court, the grand jury indicted John Ferguson for murder in the first degree, committed by killing Dock Owens. He was tried by a jury, and convicted of voluntary manslaughter, and his punishment was assessed at two years in the State penitentiary. He filed a motion for a new trial, one ground of which was the misconduct of one of the jurors, and filed two affidavits to sustain it, which are as follows:

"G. B. Mixon states that he lives in the town of Magnolia, county of Columbia, and State of Arkansas; that he is engaged in the mercantile business in said town in a brick building on the north side of the square in said town, adjoining the building owned by the Farmers' Bank & Trust Company; that, while the jury in the case of the State of Arkansas against John Ferguson were in the custody of W. A. Scott, the officer having charge of said jury, while they were passing his store, one of the jurymen, towit, S. T. Bright, left said jury, and went to the rear end of his store, while the remaining panel of said jury, together with the officer in charge, passed on by his store to the corner of the Farmers' Bank & Trust Company; and there

.remained until S. T. Bright returned to them; that the said S. T. Bright, when he went to the rear end of his store building, was out of the presence of the jury and officer in charge, and was out of the sight, presence and hearing of each and all the remaining panel on the jury and the officer in charge. This occurred after the jury was impaneled to try the case of the State against John Ferguson and placed in charge of W. A. Scott, and before the verdict was rendered in this case by them.                                    G. B. Mixon.

"Subscribed and sworn to before me this the 4th day of March, 1910.

"Walker Smith, Notary Public."

The other was the affidavit of Vaughan Stewart, and is the same as the affidavit of G. B. Mixon, except as to the name ·of the affiant.

Immediately after the filing the motion and affidavits, it was submitted to the court. The court asked the counsel of the defendant if he desired to argue the motion, and, upon his answering that he did not, overruled the same. It was not read to the court, nor was there any request therefor by the court or counsel; nor was the court's attention directed to any improper conduct of the jury, or to the affidavits of Mixon and Stewart. The defendant appealed.

The failure of the court to read or have read the motion for a new trial and the affidavits supporting it can not deprive the accused of a new trial, if he was entitled to it. He should have understood upon what he was ruling before deciding.

The rule as to the separation of jurors during a trial in a felony case is stated in *Maclin* v. *State,* 44 Ark. 115, 119, as follows: "But it has long been the rule of this court in case of felony that a separation of a juror from his fellows pending the trial casts upon the State the burden of showing that no improper influence was brought to bear upon the juror during his absence. In other words, the mere fact that a juror separates from his fellows, without the order of court, is *prima facie* ground for a new trial, unless it affirmatively appears that the separating juror was not subjected to any noxious influence." The object of this rule is apparent. The jury are kept together, and an officer is put in charge of them and directed to see that they do not separate to protect the defendant against out-

side influence. They are not allowed to have any communication with outside persons with respect to the guilt or innocence of the defendant on trial, and it is the duty of the officer in charge to see that they do not. This protection is due to the defendant, and the State should see that he receives it. It is not expected of him to employ some one to watch the jury and report any misconduct on their part. Hence, when they separate, the burden is upon the State to show, by circumstances or directly, that the absent juror was not subjected to any injurious influence.

In this case it was shown that, while the jury were in the custody of W. A. Scott, the officer in charge of them, were passing a certain store, one of the jury, S. T. Bright, left them and went to the rear of the store, and the remainder of the jury and officer in charge passed on to the corner of the Farmers' Bank & Trust Company, and there remained until Bright returned to them. During that time he was out of the sight, presence and hearing of each and all of the other jurors and the officer in charge. How long he was absent, or where he went, or whether he could have been subjected to any prejudicial influence in the time and place of his absence, does not appear. The State failed to show that he was not subjected to undue influence during his absence, and the defendant is entitled to a new trial.

Inasmuch as the appellant can not be tried again for any offense except for manslaughter, it is not necessary to notice any question that arose in the trial that can not arise in the next trial.

Appellant and Owens were on friendly terms at all times previous to the trouble which ended in the killing of Owens. The killing was the result of anger suddenly aroused at the time. The law of self-defense in such cases is as follows: "No one, in resisting an assault made upon him in the course of a sudden brawl or quarrel, or upon a sudden encounter, or in a combat on a sudden quarrel, or from anger suddenly aroused at the time it is made, or in a mutual combat, is justified or excused in taking the life of the assailant, unless he is so endangered by such assault as to make it necessary to kill the assailant to save his own life, or to prevent a great bodily injury, and he employed all the means in his power, consistent

with his safety, to avoid the danger and avert the necessity of killing. He can not provoke an attack, bring on the combat, and then slay his assailant, and claim exemption from the consequences of killing his adversary on the ground of self-defense. He can not invite or voluntarily bring upon himself an attack with the view of resisting it, and, when he has done so, slay his assailant, and then shield himself on the assumption that he was defending himself. He can not take advantage of a necessity produced by his own unlawful or wrongful act. After having provoked or invited the attack, or brought on the combat, he can not be excused or justified in killing his assailant for the purpose of saving his own life, or preventing a great bodily injury, until he has in good faith withdrawn from the combat as far as he can, and done all in his power to avoid the danger and avert the necessity of the killing. If he has done so, and the other pursues him, and the taking of life becomes necessary to save life or prevent a great bodily injury, he is excusable." *Carpenter* v. *State,* 62 Ark. 306, 307, and cases cited.

It is unnecessary to comment on instruction numbered ten given at the instance of the plaintiff as to the burden of proving circumstances that will justify or excuse the defendant for killing the deceased, the killing being proved, as it will be inappropriate in the next trial.

It is also unnecessary to discuss the admissibility of the protest against the re-employment of the defendant as a teacher in the trial had, as it will be inadmissible in a second trial, malicious intent in the killing of Owens being eliminated by the verdict of the jury in the first trial.

Reverse and remand for a new trial.

McCULLOCH, C. J., (dissenting). There are two reasons, to my mind, why the judgment should not be reversed on account of the alleged misconduct of the juror, Bright, viz., that this was never presented to the court for a ruling, and that the affidavits do not establish facts sufficient to place the burden on the State of showing nonexposure of the juror to improper influences.

We sit here only to correct *errors* of the trial courts, and for that purpose to review the decisions of those courts. An unsuccessful litigant must first seek a correction of prejudicial

matters before he can appeal to us. The record in this case shows affirmatively that the trial court was never in fact asked to grant a new trial on the ground of misconduct of the juror, and that the trial judge never knew that such a ground for new trial was set up in the motion. If that had been brought to his attention, doubtless he would have called on the State's representatives for an explanation as to the conduct of the juror, or at least have given the State an opportunity to show that the juror had not been subjected to any improper influences. I think the majority have missed the mark very far in saying that the court ought to have read the motion or caused it to be read before ruling on it, and could not deprive the defendant of a new trial by failing to do so. That is not the question. What we have to decide is, did the court err in refusing to grant a new trial on account of misconduct of one of the jurors? The court was not in fact asked to grant a new trial on that ground. How, therefore, can we say that he erred in refusing to do so?

It is undoubtedly the better practice for trial courts to require all motions to be read over or the substance stated before ruling on them. But should we reverse a case on account of a ruling which the court never made, and was never asked to make, simply because it stands in the record as a part of the motion? The trial judge naturally assumed, from the conduct of counsel, that the motion contained no new matter, and that the rulings complained of were those which occurred during the progress of the trial. Counsel were asked by the court whether or not they desired to argue the motion, and were thus given the opportunity to present the new matter contained in the motion for the consideration of the court. By failing to call the attention of the court to it, they ought to be held to have abandoned it.

I do not think that the affidavits make a *prima facie* showing so as to place a burden on the State. They merely show that the juror stepped behind a house and later joined his fellows and the officer, who awaited him in front of the adjoining building. It is not shown how long he remained behind the building, nor the purpose of his visit there. That is left to conjecture. I think something more ought to be shown than a mere momentary separation. It ought to be shown that there

was an opportunity for exposure before the State should be required to assume the burden and show that there was no contaminating influence. That is what Judge SMITH meant by what is said in the Maclin case. In that case the juror went into a drinking saloon and remained there some time in the hearing of comments on the trial. No effort was made to meet this by showing that he was uninfluenced by those comments.

In a very recent case we said that "in criminal cases, where evidence is adduced tending to show that the jurors have been exposed to improper influences, the burden is on the State to show that they were not in any way influenced, biased or prejudiced by such exposure." *Reeves* v. *State,* 84 Ark. 569.

For these reasons I dissent from the conclusion reached by the majority.