QUERTERMOUS *v.* STATE.

Opinion delivered September 28, 1914.

1. FORGERY—INDICTMENT—ALLEGATIONS.—In a prosecution for forgery, the instrument alleged to have been forged must be set out in the indictment.

2. FORGERY—INDICTMENT—ALLEGATIONS.—W h e r¦e defendant w a s charged with forgery by altering the writing made by an administrator, on a claim presented to him, the indictment will be held sufficient, when it sets out the material parts of the instrument, so far as it concerns the forgery.

3. FORGERY—ALTERATION OF CLAIM ON ADMINISTRATOR.—Defendant presented for allowance to the administrator of an estate, a claim. The administrator wrote thereon "not allowed." Defendant erased the word "not" and filed the claim. *Held,* the evidence was sufficient to support an indictment charging forgery.

4. FORGERY—ADMINISTRATION—ALTERING INDORSEMENT OF DISALLOWANCE.—The alteration of the indorsement of disallowance on a claim filed with an administrator, is sufficient to support a charge of forgery.

5. CONTINUANCES—SHOWING—DISCRETION OF THE COURT.—A trial court will not be held to have abused its discretion in refusing to grant a continuance on account of the absence of a witness, where the sheriff's return showed the witness to have been served with notice, which had not in fact been done; when the appellant made no showing that he was mislead by the return of the sheriff, or that he was not advised that the witness was absent from the State.

6. CONTINUANCES—TAKING TESTIMONY BEFORE THE JURY.—In a criminal trial where defendant's motion for a continuance was not read to the jury, the introduction of testimony on the point before the jury, having no bearing on the issues in the case, while erroneous, *held* not prejudicial.

7. TRIAL—EXCEPTIONS—CERTIFICATE OF BY-STANDERS.—Before a certificate of by-standers can avail, it must appear from the record that the exception had been presented to the trial judge in the bill of exceptions, and refused.

8. CONTINUANCES—DISCRETION OF COURT.—Appellant in a criminal trial asked a postponement to enable him to procure witnesses to rebut testimony of his bad character, offered by the State; *held,* where it does not appear that the circumstances were such that appellant could not have anticipated that the State would attack his character for truth and morality, the court will not be held to have abused its discretion in refusing a postponement.

9. APPEAL AND ERROR—BILL OF EXCEPTIONS—AFFIDAVITS—MOTION FOR NEW TRIAL.—A cause will not be reversed on the ground that the

jury was subjected to improper influences, upon affidavits which appear in the record, but which are not properly certified in the bill of exceptions.

10. MOTION FOR NEW TRIAL—AFFIDAVITS—BILL OF EXCEPTIONS.—Affidavits or other evidence adduced in support of a motion for a new trial become a part of the record only by being incorporated in the bill of exceptions.

11. APPEAL AND ERROR—AFFIDAVITS—BILL OF EXCEPTIONS.—Affidavits filed in support of motion for new trial are no part of the record on error, unless made so by bill of exceptions.

12. EVIDENCE—CROSS-EXAMINATION—DISCRETION OF COURT—REMARKS OF COURT.—The court may to some extent limit the cross-examination, and when a witness was asked to state all that was on a certain page of a document, and over objection the court permitted the question to be asked, with the remark witness would have a remarkable memory to remember every word on a page, the remark of the court will not be held prejudicial as being an expression of the court's opinion as to the credibility of the witness.

13. FORGERY—CHARACTER OF DOCUMENT FORGED.—Defendant was charged with the crime of forgery by altering the notation in a claim presented to an administrator by erasing the word "not" in the phrase "not allowed." *Held*, a verdict of guilty will be sustained when it appears that defendant did make the alteration, although the administrator later paid the claim, without an appeal to the court.

Appeal from Arkansas Circuit Court, Northern District; *Eugene Lankford,* Judge; affirmed.

*J. M. Brice,* for appellant.

1.   Appellant had the right to rely upon the sheriff's return as true, and since he did not discover the error until immediately before the trial, too late to procure either the attendance or the deposition of the absent witness, and since the testimony of Bradford was of the utmost importance to appellant, it was a manifest abuse of discretion to deny appellant's motion for a continuance.

2.   The indictment is fatally defective in that it does not set out the claim.   77 Ark. 537; 96 Ark. 101; 17 Am. & Eng. Ann. Cases, 496.

.   3.   A probate court is presumed to pass upon claims against estates of deceased persons upon their merits. The forgery of an endorsement to a claim does not con-

stitute forgery within the meaning of the criminal statute.   Kirby's Dig., § § 125, 130; 19 Cyc. 1380, 1381.

When the administrator signed the indorsement alleged to have been forged, he waived service of notice of the filing of the claim, and such waiver was tantamount to a rejection of the claim and referred it to the probate court for action.   29 Ark. 238; Kirby's Dig., § 123.   See also, 9 Am. & Eng. Ann. Cases, 1110; 58 S. E. 621.

4.   When appellant's counsel on examination of the administrator, Fowler, sought to test his memory and credibility after he had stated that he had read and remembered all on the page of the claim where his indorsement appears, it was error on the part of the court, in response to the State's objection, to remark, ''he may answer that question, but a man would have a remarkable memory to remember every word on a page.''   This was an expression of opinion on the part of the court unfavorable to appellant and necessarily prejudicial. 107 Ark. 469; 76 Ark. 110.

5.   The State, in seeking to impeach appellant, was permitted to ask various witnesses if they were acquainted with his reputation ''for truth and honesty'' and ''for truth and veracity.''   This was error.   The statute must be strictly followed in impeaching a witness. Kirby's Dig., § 3138; 100 Ark. 321; 53 Ark. 387; 59 Ark. 50.

6.   Where the proof shows that the jury were permitted to separate without the defendant's consent, and that they were exposed to improper influences, the burden is on the State to prove that they were not so exposed, or if so that they were not influenced thereby.   57 Ark. 1; 76 Ark. 487; 44 Ark. 115; 40 Ark. 454; 109 Ark. 193.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.   On the facts the evidence is sufficient to sustain the verdict.   109 Ark. 130; *Id.* 135.

2.   It is not error to overrule a motion for continuance where the absent witness is not within the jurisdiction of the court.   108 Ark. 594.

3. The indictment was sufficient. Kirby's Dig., §
2229; 11 S. W. 575; 29 Mich. 31; 68 Mich. 454.

4. The question raised in support of the motion in
arrest of judgment, to the effect that the forging or alter-
ing a claim against an estate does not constitute forgery,
since there is no validity to the instrument unless it is
approved by the probate court, is without merit.

A motion in arrest of judgment can only question
the fact as to whether or not a public offense has been
committed, and the crime of forgery is charged in apt
language in the indictment.

5. There was nothing prejudicial in the court's re-
mark, to which appellant objects. If appellant thought
it was prejudicial, he should have objected at the time
and requested an instruction to the jury not to consider
it. 108 Ark. 594, 601.

6. In the inquiry touching appellant's reputation,
the court required the State's attorney to ask of the wit-
nesses appellant's reputation for *truth and veracity.*
There was no error. Standard Dict., 1913 ed. p. 2642;
36 Ark. 141; 100 Ark. 199; *Id.* 321; 88 Ark. 72.

McCULLOCH, C. J. The charge in this case against
appellant is forgery, in altering the indorsement of an
administrator on a claim presented against the estate so
as to show an allowance of the claim 'by the adminis-
trator, whereas the indorsement signed by the adminis-
trator was a disallowance of the claim. The indictment
sets forth *in hec verba* the true indorsement signed by the
administrator showing that the claim was "not allowed,"
and also the altered indorsement showing that the word
"not" had been erased. The claim itself is not set forth
in the indictment, but is described as "Claim No. 5, *A. B.
Quertermous* v. *The Estate of G. W. Fraser,* deceased,
Arthur Fowler, Administrator, said claim being for
$299.25."

The evidence adduced by the State was sufficient
to prove that the administrator refused to allow the claim

and made his indorsement thereon accordingly, showing that is was "not allowed;" that the claim as thus indorsed was delivered by the administrator to appellant, who carried it to the office of the probate court clerk and filed it, and that when filed by appellant the word "not" was erased so as to show the allowance of the claim.

There was a demurrer to the indictment, and it is now insisted that the indictment was insufficient because the claim, which bore the indorsement of the administrator, was not set out in the indictment.

(1-2) The law is well settled that the instrument alleged to have been forged must be set out in the indictment; the object of the rule being not only to put the defendant upon notice as to the nature of the instrument he is charged with forging, but also that the court may be able to determine upon the face of the indictment whether the instrument is a writing that can be forged. *Crossland* v. *State,* 77 Ark. 537. Now, the indictment in this case sets forth fully the indorsement which is alleged to have been altered. Even if the indorsement be treated as a part of the claim, yet the material part of the instrument, so far as concerns the forgery, is the indorsement; and it is sufficient if that be set forth in the indictment, together with such a description of the claim as is sufficient to show its materiality and to apprise the accused of the nature of the charge against him. The indictment in this case describes the claim with sufficient particularity to put the accused on notice and to show the nature of the claim. The particular form of the claim is immaterial for the reason that the accused is not charged with altering it in any manner.

In the case of *State* v. *Maupin,* 57 Mo. 205, the charge in the indictment was that the defendant had forged a judge's certificate to a fee bill, and the indictment set forth, *in extenso,* the certificate, but not the fee bill. On demurrer the indictment was held to be sufficient.

It is also urged that the indictment in this case charges that appellant forged the claim, but we are of the opinion that when the whole instrument is read to-

gether it is made very clear that the charge only involved the forgery, by alteration, of the indorsement.

The statute under which the indictment was preferred reads as follows: "If any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain the possession or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it to be forged and counterfeited, he shall, on conviction, be confined in the penitentiary not less than two nor more than ten years." Kirby's Dig., § 1714.

(3) It will be seen that the statute is very broad and makes it an offense to forge any writing whatever to deprive another of money or property "or to cause him to be injured in his estate or lawful rights." The statute governing the duties of administrators and executors, and of probate courts, with respect to claims against estates, provides that the executor or administrator, if satisfied that an exhibited claim is just, shall indorse thereon his approval and allowance of the same and shall keep a list of the demands and make return thereof to the probate court at least once every year. The statute also makes it the duty of the court to examine the claim, whether allowed by the administrator or not, to determine its validity.

(4) It is argued that the alleged alteration is immaterial for the reason that is did not affect the force or validity of the claim inasmuch as it had to be allowed by the court. We think that contention is unsound for the reason that the procedure is different where the claim is allowed by the administrator from what it is in case the claim is disallowed. The proceedings cease to be adversary when the administrator or executor allows the claim, though it is the duty of the court to examine the same before allowing and classifying it. The statute does not contemplate a regular trial on a claim which has been allowed by the administrator, but a mere examination by the court to such an extent as to enable the court to

determine whether the claim appears to be a just one. Therefore an alteration of the indorsement of disallowance changes the status of the claim and thus deprives the estate of a lawful right within the meaning of the statute. The indorsement of an executor or administrator, showing his allowance, has at least persuasive force with the court in passing upon its validity, and a change in the indorsement necessarily affects the rights of the estate, which, under the statute, are to be safeguarded both by the executor or administrator and by the probate court. Our conclusion, therefore, is that the writing alleged to have been forged was of such a character as falls within the terms of the statute.

(5)   Appellant moved for a continuance of the case on account of the absence of an important witness, one W. H. Bradford, who was out of the jurisdiction of the court.   Appellant's counsel caused a subpoena to be issued directed to the sheriff of Arkansas County, commanding him to summons Bradford and numerous other witnesses. The sheriff's return indorsed upon the writ showed the service on all the witnesses, but it was shown by the deputy sheriff who served the writ that Bradford was not in fact served, and that the return indorsed on the writ by the sheriff was erroneous in that respect.   It was also shown that Bradford had moved away from Arkansas County about two years before the trial and had been in Mississippi with his family for a considerable length of time.   Appellant made no showing that he was misled by the return of the sheriff or that he was not advised that the witness Bradford was absent from the State. Under the circumstances, we are of the opinion that the court did not abuse its discretion in refusing to postpone the trial.

(6)   The bill of exceptions recites that the testimony of the deputy sheriff was introduced before the jury at the commencement of the trial, and not before the court on the hearing of the motion for continuance.   It is evident, however, that the testimony was introduced merely for the purpose of showing that the absent witness had

not been served and was beyond the jurisdiction of the court and that his absence afforded no grounds for postponing the trial. It had no bearing whatever on the issues involved in the trial and should not have been admitted before the jury. Appellant insists that this constituted error which calls for a reversal of the judgment, but we are unable to discover possibility of a prejudicial effect from that testimony. The motion for continuance was not read nor referred to in the presence of the jury, and the testimony of the officer had no tendency to contradict appellant nor to discredit him in any way, so it is difficult to see how his rights were prejudiced by the jury being permitted to hear it. The court held in *Burris* v. *State,* 38 Ark. 231, and *Polk* v. *State,* 45 Ark. 165, that it constituted error to permit the State, in a criminal prosecution, to read to the jury the defendant's affidavit for a continuance and then prove that the statements in it were false. That was not done, however, in the present case.

(7-8) Error is also assigned on account of the court's refusal to postpone the trial long enough to enable appellant to procure witnesses to rebut the testimony adduced by the State attacking his character for truth and morality. There is nothing in the bill of exceptions to support this assignment but an affidavit of by-standers was filed showing that at the close of the trial the attorney asked the court to adjourn the case over and give him an opportunity to procure witnesses. It is well settled, by repeated decisions of this court, that before the certificate of by-standers can avail, it must appear that the exception has been presented to the trial judge in the bill of exceptions and refused. There appears in the bill of exceptions in this case, an erased statement to the effect that "the court inquired if there were any more witnesses to be introduced and defendant asked for more time in which to procure witnesses to bolster his character, which was denied by the court, and defendant asked that his exceptions be noted of record, which was done."

There are lines drawn through this statement showing that it was excluded, but it does not appear who did this, whether the judge or some one else before the bill of exceptions was presented for signature. The certificate of the judge is to the effect that the bill of exceptions signed and filed is the one presented by the appellant, and we must assume from this certificate that the judge made no corrections in it. The proper practice is to show by indorsement of the trial judge that the exception was presented to him and refused, and this admits the certificate of the by-standers. It may be added, however, that the exception, even if shown as certified by the by-standers, is not sufficient to show that there was an abuse of the court's discretion in refusing to postpone the trial for the further introduction of evidence; for it does not appear that the circumstances were such that appellant could not have anticipated that the State would attack his character for truth or morality when he took the witness stand in his own behalf.

(9) The bill of exceptions is also insufficient to bring up for review the assignment with respect to alleged exposure of the jury to improper influences. There are two affidavits certified by the clerk as being filed with the motion for new trial, showing that certain jurors, during the progress of the trial, were exposed to influences of citizens who were antagonistic to the defendant and expressed desire for his conviction. The bill of exceptions is entirely silent about there being any affidavits or proof concerning the alleged misconduct. In fact, the bill of exceptions contains no reference to the motion for new trial or the affidavits in support thereof. The court held, in *Ferguson* v. *State*, 95 Ark. 428, that it is the duty of the trial judge to examine and consider affidavits filed with the motion for new trial, showing misconduct of the jury, whether the same be actually read to him or not. But in that case the affidavits were identified in the bill of exceptions. Here there is nothing in the bill of exceptions to identify the affidavits, or any other proof in support of the allegations in the motion for new trial. Therefore,

we have nothing to guide us in determining what was before the court when that assignment was considered. The jurors were, by an order of the court, allowed to separate, and the burden was therefore upon appellant to show that they were subjected to improper influences. In order to impeach the verdict, therefore, the appellant must support his attack by affidavits properly certified in the bill of exceptions. We can not permit the judgment to be overturned merely by an affidavit in the record which is not certified in the bill of exceptions as having been brought before the court and containing all the evidence adduced on that subject.

(10) The statute provides that motion for new trial on grounds of misconduct of the jury "must be sustained by affidavits showing their truth, and may be controverted by affidavits." Kirby's Digest, section 6219. The rule of practice established by decisions of this court is that neither motions for new trial nor exceptions to the order of the court overruling them need be set forth in the bill of exceptions if they otherwise constitute a part of the record. *Johnson* v. *State,* 43 Ark. 391; *Carpenter* v. *Dressler,* 76 Ark. 400. But it does not follow that affidavits or other evidence adduced in support of the motion for new trial become a part of the record merely by exhibiting same with the motion. They must be incorporated in the bill of exceptions. Mr. Elliott, in his Treatise on Appellate Procedure (section 815), lays down the proper rule as follows: "Recitals of fact in direct motions or appended exhibits do not go into the record as part of the motion. Such recitals and exhibits can only be brought into the record by a bill of exceptions. The motion itself may be in the record without a bill, and yet its statements of fact or exhibits would not be a part of the record. Thus matters of evidence, affidavits, or instructions can not be made part of the record by embodying them in the motion." And the same rule is stated, with numerous authorities in support of it, in an encyclopedia, as follows: "As a general rule, affidavits are not part of the record proper, whether such affidavits are

used in support of a motion for new trial, for a continuance, for a change of venue, to set aside or vacate a default, to sustain or dissolve an injunction, to set aside or open a judgment, or whether they are used on the hearing of an application for an injunction." 2 Encyc. of Law, p. 1064.

(11) The precise point was decided by the Supreme Court of the United States in the case of *Stewart* v. *Wyoming Ranch Co.*, 128 U. S. 383, where the statement was made in the opinion that "affidavits filed in support of a motion for new trial are no part of the record on error unless made so by bill of exceptions." This court at an early date held that an affidavit for continuance formed no part of the record unless brought up by bill of exceptions. *Phillips* v. *Reardon*, 7 Ark. 256. And the same doctrine has been announced by this court in more recent cases. In several cases we have held that while pleadings and exhibits thereto constitute parts of the record for the purpose of deciding upon the question of their sufficiency as pleadings without being incorporated in the bill of exceptions, it is necessary to incorporate such exhibits in the bill of exceptions before they can be considered as evidence in the case. *International Order of Twelve* v. *Jackson*, 101 Ark. 555; *National Annuity Association* v. *McCall*, 103 Ark. 201. The assignment is therfore unavailing.

(12) Appellant assigns error in a remark made by the court in passing upon an objection in the cross-examination of the administrator, who testified positively that he refused to allow the claim and his indorsement stated that the claim was not allowed, but that the same had been changed by erasure of the word "not." He was cross-examined at length by appellant's counsel, and was finally asked to state what else was on the page besides the word "not;" and the prosecuting attorney objected to the line of examination on the ground, as he stated, "it is not expected for a man to remember every word that is on a page." Counsel for appellant insisted on an answer to the question, and the court permitted him to ask

the question, with this remark: "He may answer the question if he can, but a man would have a remarkable memory to remember every word on a page." It is insisted that this was improper expression of the court's opinion as to the credibility of the witness. We do not, however, think so, for the remark was made merely in the court's ruling, without any intention, manifestly, to express an opinion to the jury. It shows that the court, with some reluctance, allowed the question to be asked. The matter of cross-examination is to some extent within the discretion of the court, as to how far it may proceed, and it certainly would not be an abuse of discretion to refuse to permit a witness to be interrogated concerning his recollection of every word on a written or typewritten page. It is a matter of common knowledge that few persons have memories sufficiently cultivated to remember every word on a page unless he had carefully committed it to memory for some purpose. We understand this remark of the court merely to indicate his reluctance to allow such a cross-examination to proceed any further on account of the improbability of the witness remembering every word on the page. At any rate, we do not think there is anything in the remark that was probably prejudicial to appellant's rights.

There are several other assignments of error, which are not, we think, of sufficient importance to call for a discussion. Upon consideration of the whole record, we are convinced that there was no prejudicial error committed in the trial of this case.

(13) The evidence adduced by appellant tended to show that his claim was a just one, and that he did not alter the indorsement, but that the claim was allowed by the administrator and promptly paid by the latter as soon as it was allowed and classified by the court. There are circumstances which tend to corroborate the appellant, but the testimony adduced by the State was sufficient to warrant a finding that appellant altered the indorsement for the purpose of influencing the court in passing upon the validity of the claim. The fact that it was a just

claim, or, rather, that the invalidity of it had not been established by evidence, does not affect the question of appellant's guilt of the crime of forgery. Nor is the case affected by the fact that the administrator paid the claim without appealing to the circuit court, except that it might have affected the credibility of the administrator's testimony before the jury.

Judgment affirmed.