ADKISSON *v.* STATE.

Opinion delivered January 26, 1920.

1. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—A motion for continuance and the overruling thereof, and the objection and exception to such ruling, must be brought into the record by bill of exceptions, and otherwise can not be considered by the Supreme Court.

2. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—Alleged error in refusing a change of venue will not be considered on appeal where the motion, refusal and objections and exceptions to the ruling are not brought into the record by bill of exceptions.

3. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—In order that remarks of the prosecuting attorney in his opening statement or in the argument may be reviewed, they, with objections and exceptions thereto, should be brought into the record by bill of exceptions.

4. HOMICIDE—GUILTY PARTICIPATION.—One who is present at a killing, aiding and abetting those who killed deceased, is guilty, though he did not fire the fatal shot and had not previously conspired to kill the deceased.

5. HOMICIDE—INSTRUCTIONS.—Where the evidence justified the submission of the question of guilt on all the grades of homicide, a requested instruction that the defendant be acquitted unless the facts warranted a conviction of murder in the first degree was erroneous.

6. HOMICIDE — DEFENSE OF FAMILY — INSTRUCTION.—An instruction that "if you believe the posse was the aggressor and fired on the home containing the defendant, his wife and family, then in law he was justified in returning the fire, and you should acquit him" was properly refused, as he could kill only in necessary defense of himself and family.

7. CRIMINAL LAW—INSTRUCTION AS TO ADMISSIBILITY OF DYING DECLARATIONS.—An instruction which advised the jury as to the admissibliity of dying declarations was properly refused, being a matter properly addressed to the court.

8. HOMICIDE—INSTRUCTION—MISTAKEN BELIEF OF DANGER.—In an instruction on self-defense it was not error to charge that "if there was no danger, and his (defendant's) belief of the existence thereof be imputable to negligence, he is not excused, however honest his belief may be."

Appeal from Cleburne Circuit Court; *J. M. Shinn*, Judge; affirmed.

*Bratton & Bratton*, for appellant.

1. The continuance should have been granted. Defendant had used all diligence to get Rice's testimony and failed without his fault. His testimony was important to the defense, and material.

2. It was error to overrule the motion for change of venue. Kirby's Digest, § § 2317-18; 68 Ark. 466.

3. The verdict is not supported by the evidence but is against the clear preponderance. *Adkisson* v. *State, ante,* p. 15.

4. The prosecuting attorney's remarks were prejudicial and the court erred in its instructions to the jury. See cases cited in brief, *Adkisson* v. *State, ante,* p. 15.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1.   There was no prejudicial error in the prosecuting attorney's remarks or argument.

2.   There is no reversible error in the instructions.   38 Ark. 498; 81 *Id.* 417; 58 *Id.* 47; 99 *Id.* 208; 104 *Id.* 162.

HUMPHREYS, J.   Appellant was indicted by the Cleburne Circuit Court jointly with Bliss Adkisson and Hardy Adkisson for the crime of murder in the first degree for killing Porter Hazelwood on the 10th day of July, 1918.   It appears from the transcript that at the following spring or March term of the court a motion for change of venue was filed, in manner and form required by law, which was granted, and the cause transferred to the Boone Circuit Court for trial; that, on the same day, by an agreement between the State and appellant, the order granting the change of venue to the Boone Circuit Court was set aside, the motion for change of venue withdrawn and the cause continued and set for the second day of the September, 1919, term of the Cleburne Circuit Court.   It also appears from the transcript that, on the day to which the cause had been continued, appellant with Bliss and Hardy Adkisson filed a motion for continuance on account of the absence of Bill Rice, a former deputy sheriff, who was a member of the sheriff's posse at the time Porter Hazelwood was killed; that the motion for continuance was overruled, to which ruling appellant at the time objected and excepted; that thereafter on the joint motion of appellant, Hardy and Bliss Adkisson, the cause was severed; that, prior to the trial, to-wit, on the 25th day of September, 1919, appellant, in manner and form required by law, filed a motion for change of venue, which was overruled by the court over the objection and exception of appellant.   The motion for continuance and change of venue, the overruling of each by the court and the objections and exceptions of appellant to the rulings of the court in respect to the

motions were not brought into the record by the bill of exceptions filed and certified.

The cause then proceeded to a trial, which resulted in a verdict and judgment against appellant for voluntary manslaughter and the imposition of a punishment in the State penitentiary for two and one-half years. From the verdict and judgment an appeal has been duly prosecuted to this court.

The evidence in the instant case is not materially different from that adduced in the kindred case of *Bliss Adkisson* v. *State, ante,* p. 15, which was submitted to this court for decision upon the same date as this. For a general history and statement of the facts in the instant case, reference is made to that case.

It is insisted that the court erred in overruling the motion for a continuance on account of the absence of the witness Bill Rice. It has been repeatedly held by this court that a motion for continuance and the overruling thereof and the objection and exception to such ruling must be brought into the record by bill of exceptions, else it is no part of the record which can be considered by this court. *Phillips* v. *Reardon & Son,* 7 Ark. 256; *Ward* v. *Worthington,* 33 Ark. 830; *Evans & Shinn* v. *Rudy,* 34 Ark. 383; *Quertermous* v. *State,* 114 Ark. 452; *Empire Carbon Works* v. *Barker,* 132 Ark. 1.

It is insisted that the judgment should be reversed because the court refused to grant appellant a change of venue. For the same reason announced above, this court can not consider that question. *Stearns* v. *St. L. & San Francisco Railway Co.,* 94 Mo. 317; *Estes* v. *Chesney,* 54 Ark. 463.

The matters complained of in assignments numbers 7, 8, 9, 10, 11, 12, 13 and 14 seem to have been based upon statements made by the prosecuting attorney either in the opening statement or arguments of the case, which statements, with the objections and exceptions thereo, do not appear in the bill of exceptions. These assignments of error should have been brought into the record by the

bill of exceptions, and, because of that failure, can not be considered and decided by the court in a review of the cause.

It is contended in assignment of error No. 33 that Leo Martin was forced by the prosecuting attorney to admit that he stood indicted for the crime of assault with intent to kill and murder, and in assignment No. 34, he was permitted to make such inquiry of Leo Martin. Appellant has not abstracted any evidence upon which to base these assignments of error, and we have been unable to find in the bill of exceptions where such permission was granted to the prosecuting attorney by the court.

It is insisted that the court erred in refusing to give appellant's requests Nos. 1, 2, 4 and 5. We have read these instructions and each casts the burden upon the State to show beyond a reasonable doubt that appellant either fired the shot that killed Porter Hazelwood or that, prior to the killing, he had entered into a conspiracy with others and was engaged with them in carrying out the conspiracy to fight men lawfully trying to arrest his son, Bliss Adkisson. This was error. Appellant was present at the time of the killing, so the only burden cast upon the State was to prove that appellant either fired the shot that killed Porter Hazelwood unlawfully, wilfully, feloniously, with malice aforethought and after premeditation and deliberation to kill him, or that he aided or abetted others in killing him with such intent, premeditation and deliberation. It was proper to refuse to give instructions carrying this erroneous declaration of law.

Appellant insists that the court committed reversible error in refusing to give his request No. 3, which is as follows: ''If you find from all the evidence, beyond all reasonable doubt that the defendant was engaged in a conspiracy with two or more other parties to resist a lawful arrest of his son Bliss, and that he fought with them to resist said lawful arrest, and that Porter Hazelwood was thereby killed, without fault on the part of his

posse, then, in that event, defendant cannot plead self-defense and is guilty of murder in the first degree, and you would not be warranted in finding him guilty of a lesser grade of homicide. But, before you believe him guilty of such conspiracy, you must believe from the evidence introduced in open court, and not by rumor or passion, that the defendant himself had agreed with other conspirators to fight any lawful posse or men trying to make a lawful arrest.''

This instruction excludes from the jury the question of whether appellant. was guilty, under the facts, of a lesser grade of homicide than murder in the first degree. In other words, it said that, unless the facts warranted a conviction of murder in the first degree, it would be the duty of the jury to acquit. We think the evidence justified the court in submitting the question to the jury as to the guilt or innocence of appellant on all the grades of homicide. For that reason, the request was erroneous and should have been denied.

Appellant insists that the court committed reversible error in refusing to give his request No. 9, which is as follows: ''If you believe the posse was the aggressor and fired on the home containing the defendant, his wife, and family, then, in law, he was justified in returning the fire, and you must acquit him.''

This request was tantamount to instructing an acquittal if the appellant fired the shot that killed Porter Hazelwood, even if, at the time, appellant or some member of his family were not in imminent danger. He could only kill another in necessary self-defense of himself and family.

Appellant insists that the court erred in refusing to give his request No. 11, which appellant contends only laid down rules of guidance for the jury in the consideration of the dying declaration. The instruction, however, does more than this. It laid down the rules governing the admissibility of a dying declaration, which were questions for the court and not for the jury. For that reason, the request was properly denied.

It is insisted that the court committed reversible error in giving instruction No. 27a, which is as follows: "If you find the deceased, Porter Hazelwood, was a member of the sheriff's posse that was endeavoring to arrest and capture Bliss Adkisson or Tom Adkisson or Hardy Adkisson, and that defendant knew that deceased was there in that capacity, or by the exercise of reasonable care could have known it, and if you further find that defendant, or Bliss Adkisson or Hardy Adkisson, were acting in conjunction with the defendant, shot the deceased in a spirit of resistance or defiance of said sheriff's posse, then you are instructed that defendant could not plead self-defense or the defense of person or property as an excuse for the killing, and that said plea would not avail him."

This instruction was under consideration in *Adkisson* v. *State, ante,* p. 15, and the court disposed of appellant's objection thereto by saying the error complained of could have been reached by a specific objection only. No specific objection was interposed by appellant to the instruction when given by the trial court.

Lastly, it is insisted that the court erred in giving instruction No. 31a, which is as follows: "In ordinary cases of one person killing another in self-defense, it must appear that the danger was so urgent and pressing that, in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was necessary, and must also appear that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further contest before the mortal blow or injury was given. To be justified, however, in acting on the facts as they appear to him, the defendant must honestly believe without fault or carelessness on his part, that the danger is so urgent and pressing that it is necessary to kill his assailant in order to save his life, or to prevent his receiving great bodily injury. He must act with due circumspection. If there was no danger, and his belief of the exist-

ence thereof be imputable to negligence, he is not excused, however honest his belief may be."

The supposed vice contained in this instruction consists in the impossibility of one being honest in his belief if he were negligent in reaching the opinion. We see no reason why a man could not honestly believe a thing, though he reached the conclusion through his own negligence. One cannot justify against a charge of criminal homicide, however, on the ground that he was under the honest belief that he was in imminent danger, if he reached that belief through fault or carelessness. The only belief upon which he can justify would be a belief not founded on his own fault or carelessness. The instruction complained of clearly carried this idea and was not erroneous.

No error appearing in the record, the judgment is affirmed.