HOUSLEY *v*. STATE.

## Opinion delivered April 19, 1920.

1. CRIMINAL LAW—REVIEW OF REFUSAL TO CHANGE OF VENUE.—An assignment of error in refusing to grant a change of venue will not be noticed on appeal where the petition and accompanying affidavits and the oral testimony were not contained in the bill of exceptions.

2. RECEIVING STOLEN GOODS—SUFFICIENCY OF EVIDENCE.—In a prosecution for receiving a stolen automobile, evidence *held* sufficient to identify defendant as the person who received the car which had been stolen.

3. CRIMINAL LAW — EXAMINATION OF WITNESSES — DISCRETION OF COURT.—In a prosecution for receiving a stolen automobile, where the thieves admitted the theft and testified that they sold the car to a man of the same name as the defendant, but denied that defendant was the man, it was within the court's discretion to permit the prosecuting attorney to proceed with the testimony of the thieves on condition that proof would subsequently be introduced to connect defendant with the stolen property.

4. CRIMINAL LAW—COMPETENCY OF EVIDENCE.—Where the prosecution introduced other evidence sufficient to identify defendant as the purchaser of an automobile stolen by two boys, the testimony of the two boys as to the theft and sale was competent, though they testified that defendant was not the purchaser.

5. CRIMINAL LAW—CONDUCT OF CONSPIRATORS.—Evidence showing a course of dealing between two boys who stole automobiles and defendant who purchased and resold them, *held* sufficient to show a conspiracy between defendant and the boys, rendering their conduct while engaged in making a sale to him admissible.

6. CRIMINAL LAW—INSTRUCTION ALREADY COVERED.—Refusal of the court to give a particular instruction requested by accused was not error where the subject was covered by the charge given.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Berry H. Randolph* and *George P. Whittington,* for appellant.

1. The court erred in refusing to grant a change of venue and abused its discretion in so doing. The supporting affidavits are in due form, stated the necessary facts and that due diligence had been used, and hence the court abused its discretion in refusing the motion.

68 Ark. 466, 60 S. W. 31; 90 Ark. 139, 135 S. W. 821.   The ruling of the court was arbitrary.

2.   The verdict is contrary to the evidence.   In the absence of the defendant the acts and declarations of co-conspirators were not competent evidence and it was error to admit them.   45 Ark. 155; 62 *Id.* 516; 59 *Id.* 422; 45 *Id.* 132; 90 *Id.* 460.

3.   Instructions 1 and 2 asked should have been given if Hays and Campbell were accomplices.   90 Ark. 460.

4.   The verdict is defective as it does not recite the offense of which defendant was found guilty.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1.   The motion for change of venue was properly refused.   The court did not abuse its discretion and the proper procedure was had.   71 Ark. 361; 71 *Id.* 180; 54 *Id.* 243; Kirby's Digest, § 2318; 83 Ark. 38.   See also 120 Ark. 308; 107 *Id.* 30; 120 *Id.* 309.   The motion for change of venue was not brought into the record by the bill of exceptions.   *Adkisson* v. *State,* 142 Ark. 34.

2.   The verdict is supported by the evidence.   The evidence of Hays and Campbell shows a conspiracy with defendant, and their evidence was competent.   The jury believed them, and the question of fact was for the jury. 79 Ark. 603; 96 *Id.* 632.   Circumstantial evidence is sufficient to prove conspiracy.   *Housley* v. *State, ante* p. 315; 77 Ark. 449; 78 *Id.* 581.

3.   Proof of possession of the stolen car is corroboration of the testimony of accomplices.   130 Ark. 357; 1 Enc. of Ev. 109.

4.   There was no error in refusing the instructions requested by defendant.   115 Ark. 482; 1 Enc. of Ev. 109.   The evidence fully sustains the verdict, and there is no merit in the contention that the verdict is defective for failure to recite the offense charged, since appellant was only charged with having received stolen property and could have been guilty of no other crime.

McCULLOCH, C. J. Appellant, A. H. Housley, was convicted of the crime of receiving stolen property, to-wit: A Buick automobile, the property of Dr. J. R. Dibrell, of Little Rock, which was stolen by Horace Hays and Clyde Campbell and sold to appellant. The car was stolen by Hays and Campbell from Dr. Dibrell's garage in the city of Little Rock, and was taken by them to Hot Springs, where, according to the testimony, they sold it to appellant, who resided in Hot Springs.

The first ground urged for reversal of the judgment is that the court erred in refusing to grant a change of venue, but as the petition and accompanying affidavits and testimony of the affiants given on their examination in open court are not contained in the bill of exceptions, we cannot take notice of them, and this assignment of error is unavailable to appellant. *Adkisson* v. *State*, 142 Ark. 34.

It is next contended that the evidence is not sufficient to sustain the verdict. Campbell and Hays, the two youths who stole the automobile, were introduced as witnesses in the case. They had previously been convicted of the theft and sent to the reform school, and they related on the witness stand about stealing this car and others and taking them to Hot Springs and selling them to a man by the name of Housley. When called upon, however, to identify appellant as the man to whom they sold the cars, they said that appellant was not the man, but the the man to whom they made the sales had represented himself as being Housley, or "Doc" Housley, as he was referred to. Appellant is a veterinary surgeon.

The two boys were manifestly hostile to the State in giving their testimony, and the prosecuting attorney was surprised when they stated on the witness stand that appellant was not the man to whom they had sold the cars. The court, over appellant's objection, permitted the prosecuting attorney to continue the examination with reference to the transactions between the witnesses and the man who gave his name as Housley. The court per-

mitted a continuation of the examination on condition that the testimony would be excluded unless appellant was subsequently connected by other testimony with the receipt of the stolen property. It appears from the testimony of both Hays and Campbell that they began stealing cars in Little Rock and taking them to Hot Springs for sale at the suggestion of another youth, Johnnie Sanders, who told them that the stolen cars could be sold to Housley. They first stole a Hudson car from Mr. Pfeifer and carried it to Hot Springs and sold it to the man giving his name as Housley, who resold it to Gibson & Wilson, a firm of taxicab operators in Hot Springs. A short time later they stole Dr. Dibrell's car and carried it to Hot Springs and sold it to the same man, and the evidence adduced by the State tends to show that appellant subsequently sold the car to one Evans. A few days later they stole another car, a Willys-Knight, from a Mr. Bull, and took that to Hot Springs and attempted to sell it to the same man who gave his name as Housley. They testified that in each instance on their arrival in Hot Springs, late in the night after they had stolen the car in the early portion of the night in Little Rock, they went to a telephone and called up Housley, and they usually called him from a restaurant or other public place, and that the man would tell them to wait for him, and in a few minutes he would come down where they were and make arrangements about the car. They testified that when they arrived at Hot Springs with the Willys-Knight car the man who gave his name as Housley told them that they could take the car out to his farm about three miles in the country and store it. They testified that the man got in the car with them and that they drove it out in the country about three miles and put the car in a barn, and were told to remain there with the car and that something to eat would be sent out to them. There was no one at the house at that time, and they remained there all that day and the next night. A taxicab was sent out after the man from Hot Springs, and he was carried to town early that morning. During the afternoon of that day appel-

lant, according to the testimony of witnesses, employed Gibson & Wilson, the taxicab operators, to drive out to the farm and carry a lunch to these boys. Gibson testified to this fact and stated that he went out there at appellant's request and found the boys at appellant's farm and gave them the lunch, and that they asked about appellant, and said that he had promised to come out there, and that they opened the barn and he saw the Willys-Knight car stored there.

Appellant testified that he had never seen these boys at any time and did not know that they were out at his farm. He said that the first he knew of the Willys-Knight car being stored at his farm was that he got a telephone message that there was excitement of some kind prevailing out near his farm and that he drove out there and found some officers who had chased away persons and that he found the car stored in his barn. He testified that he did not see the boys there, but saw where someone had been on the back porch.

The testimony of Gibson and Wilson also shows that the Buick car was stored at appellant's farm at one time. They testified that they drove out to the farm with appellant, and that the Buick car was in the barn and that appellant was trying to sell it to Evans and did sell it to Evans. Appellant denied that the car was stored at his farm, but testified that Gibson claimed to own the Buick car, and said that he got it from a man named Erwin, and that he (appellant) sold the car to Evans for Gibson. All of this testimony tended to supply the omission in the testimony of the two boys, Hays and Campbell, or rather to contradict them in their statement that the man they dealt with was not appellant. When the testimony is considered as a whole, it justifies the belief that the boys at the time of the trial were attempting to shield appellant, and that they testified falsely in their refusal to identify appellant as the man to whom they had sold the car, but the testimony of the other witnesses is sufficient to show that appellant is really the person who bought the cars from the boys after they were stolen:

It was a matter of discretion for the court to permit the prosecuting attorney to proceed with the testimony of these boys for the purpose of showing the theft and sale of the cars, on condition that proof would be subsequently introduced to connect appellant with the receipt of the stolen property. *Easter* v. *State,* 96 Ark. 629. When testimony of other witnesses was subsequently introduced connecting appellant with the crime and identifying him as the person who had received the cars from the boys, the testimony of the boys became competent.

It is urged that the court erred in admitting testimony concerning the conduct of the boys when officers appeared at appellant's farm and chased them away from the house. Appellant objected to the testimony tending to show the conduct of the boys to show guilty knowledge. It is argued in the first place that there was no conspiracy proved, and that, if there was a conspiracy, the design had been accomplished. It is a mistake to say that the proof fails to show a conspiracy between the boys, Hays and Campbell, and appellant. There is abundant testimony to warrant the finding that appellant entered into an engagement with these boys for them to steal cars and bring them to Hot Springs and deliver them to him. The testimony also tends to show that the conduct of the boys, to which the testimony of the witnesses relate, took place while they were remaining at appellant's farm at his request to look after one of the cars. That being true, the conspiracy was not at an end, and the conduct and declarations of each of the conspirators was competent evidence against the others. In fact, the theft and sale of the cars was undisputed, and the only question in the trial of the case related to the alleged connection of appellant with the transactions, and it is also undisputed that the boys took the Willys-Knight car to appellant's farm and put it in the barn, and were there at the house when the officers came and chased them away. Appellant contends that he did not send them there with the cars, and did not know that they were there, and did not

know the car was there until he heard of the excitement at his farm.

We think there was no prejudicial error in the ruling of the court permitting the witnesses to testify concerning the flight of the boys when the officers appeared at the farm.

The only other assignments of error relate to the refusal of the court to give instructions requested by appellant on the subject of the necessity for corroboration of the testimony of accomplices. This subject was fully covered in the court's charge, and there was no prejudice in refusing to give particular instructions requested by appellant.

There is no error in the record, and the testimony is amply sufficient to support the verdict.

Affirmed.