## CLARK *v.* STATE.

### Opinion delivered September 25, 1922.

1. CRIMINAL LAW—SEPARATION OF JURORS—NEW TRIAL.—Where jurors violate the court's order that they be kept together during the progress of the trial, and separate and expose themselves to improper influences, a new trial should be granted.

2. JURY—MEMBERSHIP IN ORGANIZATION.—A showing that a juror was a member of the Ku Klux Klan which was opposed by the Miners' Union, to which defendant belonged, would not disqualify such juror, unless it was shown that the particular juror had actual bias or was directly connected with the matter under investigation in a way from which bias or prejudice would be implied.

3. JURY—EXAMINATION FOR PURPOSE OF PEREMPTORY CHALLENGE.— For the purpose of determining whether to exercise peremptory challenge, a party is entitled to the same latitude in examining a juror as when seeking information relative to challenge for cause; but such examination must be conducted in good faith and subject to the discretion of the court.

4. JURY—EXAMINATION—ABUSE OF DISCRETION.—Where defendant's counsel informed the court that the Miners' Union, to which defendant belonged, had by resolution condemned the Ku Klux Klan, it was an abuse of discretion to refuse to permit him to ask a juror whether he belonged to the latter society, for the purpose of determining whether he would exercise the right of peremptory challenge; the inquiry appearing to be made in good faith.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Webb Covington,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee. .

McCULLOCH, C. J. This is an appeal from a conviction of the statutory crime of nightriding. Crawford & Moses' Digest, sec. 2795.

Appellant was jointly indicted with certain other persons upon the charge that he and the other persons named confederated and banded themselves together for the unlawful purpose of damaging and destroying the mining property of the Werner-Dunlap Coal Company. There was a severance, and on the trial of appellant there was, as before stated, a judgment of conviction, from which an appeal has been prosecuted.

At the first adjournment of the court after the commencement of the trial there was an order entered directing that the jury be kept together in charge of proper officers, and among other grounds assigned in appellant's motion for a new trial there are several allegations in regard to the separation of the jury, in violation of the court's order. Numerous affidavits were filed in support of the motion, showing that several of the jurors, during the recess of the court, separated themselves from their fellow jurors, and mingled with bystanders and had an opportunity for exposure to improper influences.

The State made no effort to meet this issue. The Attorney General frankly concedes that in this state of the record a reversal of the judgment must necessarily follow. In other words, there is a confession of error on this ground, and under the settled rules announced by this court the confession is well founded.

Where the court orders the jurors kept together during the progress of the trial, and a showing is made in the motion for a new trial, supported by affidavits, that this order was violated and that the jurors separated themselves and exposed themselves to improper influences, the only way to correct the error is to grant a new trial. *Maclin* v. *State,* 44 Ark. 115; *Reeves* v. *State,* 84 Ark. 569; *Ferguson* v. *State,* 95 Ark. 428.

There are numerous other grounds for reversal urged by counsel for appellant, among others that the court erred in refusing to permit the counsel to interrogate jurors as to certain matters alleged to affect their qualifications as jurors, and it is insisted that we should pass upon these assignments in view of the fact that the same questions are likely to arise in the next trial of the case. Counsel have satisfied us that these questions will probably arise, and for that reason we deem it not improper to pass upon them now.

It is shown that appellant was a coal miner by occupation, and that during the examination of one of the jurors it was brought to the attention of the court by

statement of appellant's counsel that appellant was a member of the miners' union, a national association of coal miners. The juror was asked by appellant's counsel whether or not he was a member of any organization or association that was interested in the prosecution of appellant, and the juror replied that he did not belong to any organization in which "this matter had been discussed at all." The juror was then asked if he was a member of an organization known as the Ku Klux Klan, and over the objection of the State's counsel the court refused to permit this question to be propounded. Counsel for appellant then stated to the court, as his reason for eliciting information from the juror as to membership in said organization, that the miners' union had passed a resolution condemning the organization known as the Ku Klux Klan, and that he wished to test out the qualifications of proposed jurors by ascertaining whether or not they were members of the klan and had any bias or prejudice against the members of the miners' union.

The court overruled the contention of appellant's counsel and refused to permit the question to be answered, on the ground that the inquiry was of too personal a nature and had a tendency merely to probe into the private affairs of the proposed juror. In other words, it was held that the question was impertinent. An exception was duly saved to the ruling of the court, and the same thing happened with reference to the examination of numerous other jurors.

It is argued, in the first place, that the showing that there was antagonism between the miners' union and the Ku Klux Klan, by reason of the adoption of resolutions by the former condemning the latter, constituted bias upon the part of members of the organization which rendered them disqualified as jurors in a trial in which members of the other organization were interested.

We are of the opinion that there were not sufficient circumstances shown to render the jurors disqualified by reason of personal bias. There was nothing to show that the particular jurors were under the influence of actual

bias. It was merely sought to show that they were members of the organization known as the Ku Klux Klan.

The rule seems to be settled that mere membership in committees, or in societies, or other organizations for the suppression of crime, or the achievement of any other particular purposes, does not operate as a disqualification of a juror unless it is shown that the particular individual has actual bias or is directly connected with the matter under investigation in a way from which bias or prejudice will be implied. 16 R. C. L. p. 277; 17 Standard Ency. of Proc., p. 298; *Conners* v. *United States,* 158 U. S. 408; *Dodd* v. *State* (Tex. Crim.) 82 S. W. 510; *Boyle* v. *The People,* 4 Col. 176; *Vanskike* v. *Potter,* 53 Neb. 28.

It does not follow, however, from the fact that the information to be elicited might not constitute disqualifying bias that appellant was not entitled to propound the inquiry. On the contrary, we think that he was entitled to make the inquiry for the purpose of determining in what he should exercise a peremptory challenge allowed by the statute. *Lavin* v. *People,* 69 Ill. 303; *Watson* v. *Whitney,* 23 Cal. 375; *State* v. *Mann,* 83 Mo. 589; 17 Standard Ency. of Proc. p. 300.

The right of peremptory challenge is just as important and valuable to an accused person as the right to challenge for cause, and he is entitled to the same latitude in the examination of a proposed juror for either purpose. This examination must, however, be conducted in good faith, and is subject to the discretion of the trial judge. *Williams* v. *Cantwell,* 114 Ark. 542; *Cooper* v. *Kelly,* 131 Ark. 6.

This court will not reverse a judgment on account of the ruling of the court in the exercise of discretion unless abuse of such discretion is shown. If there were merely involved an inquiry by the accused as to membership in a particular organization, this alone would not show that the inquiry was material or that prejudice resulted, but in the present case appellant's counsel informed the court of the fact that there were certain

possible antagonisms between the membership of the organization to which appellant belonged and the one to which the proposed jurors belonged, and he was entitled to ascertain the fact whether or not the jurors were members of the other organization, so that he could determine in what instances he would exercise his right of peremptory challenge. The question was not, under those circumstances, impertinent, and it was not a useless probe into the personal affairs of the jurors. It brings no reproach upon a juror to inquire concerning membership in any organization, and where it is shown that there are reasons why membership in an organization might influence the parties to the litigation in the exercise of peremptory challenges, the court ought to permit the inquiry to be made if it appears to be made in good faith.

These observations concerning the law on this subject and the proper practice to be followed by the trial courts are, as before stated, made in view of the next trial and for the guidance of the court if the same questions again arise.

The confession of error of the Attorney General is sustained, the judgment is reversed, and the cause remanded for a new trial.