.SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY *v.*
MURPHY.

Opinion delivered November 6, 1911.

1.  TELEPHONE COMPANY—FAILURE TO REPAIR TELEPHONE—PENALTY.—
    Kirby's Digest, Sec. 7948, imposing a penalty for refusing or failing to
    furnish telephone facilities without discrimination or partiality, does
    not impose a penalty for mere neglect or inattention in repairing in-
    struments, in the absence of any intention to deprive plaintiff of his
    telephone. (Page 549.)

2.  SAME—DUTY OF PATRON TO PAY RENTAL.—Where the rules of a telephone
    company require its patrons to pay their rentals in advance, a patron
    can not refuse to pay for future service on the ground that he was
    entitled to a credit for inefficient past service for which he had paid.
    (Page 557.)

Appeal from Garland Circuit Court; *W. H. Evans*, Judge;
reversed.

*Walter J. Terry*, for appellant; *Greaves & Martin*, of counsel.

1. This case should have been disposed of on the demurrer
interposed by appellant. The complaint was bad because
the facts alleged do not constitute discrimination. 72
Ark. 478.

It is demurrable also because the act relied on is invalid
for the reason that it imposes the penalty only upon telephone
companies or corporations and exempts from its operation
persons engaged in the same business, constituting an arbitrary
classification. Art. 2, §, 18 Const. Ark.; Fourteenth Amend-
ment, § 1; 47 L. R. A. 338; 57 *Id.* 666; 178 Fed. 619; 65 Am.
St. 785, note; 28 L. Ed. (U. S.) 925; *Id.* 1148; 32 *Id.* 586, 587;
41 *Id.* 666. The act is also void for uncertainty in that it
fixes no standard by which to determine what is or is not a
reasonable or unreasonable regulation, or partial or impartial
condition or restriction. 45 Ark. 158; 52 Fed. 917; 1 L. R.
A. 744; 59 Am. St. Rep. 457; 19 Fed. 679; 8 Am. & Eng.
Enc. of L. 935; 77 Ill. 443.

2. The court erred in its first instruction in charging the
jury in effect that if appellant permitted the telephone to re-
main in appellee's residence while the dispute was going on, it
thereby waived and lost its rights, and that in afterwards
removing it appellant discriminated against appellee. 59
N. E. 327; 118 N. W. 1064. That instruction also errs in as-

suming without proof that the April bill was in controversy or that it was in dispute:

3. The contract between the parties, as well as the rules and regulations of the company, provided for the payment of rentals in advance, and also for removal of the telephone for nonpayment; and, before appellee could demand as a matter of right that the telephone remain in his residence during a certain month, he must have paid or tendered payment of the rental for that month. Telephone companies will not be penalized for refusing to extend credit. 81 Ark. 486; 94 Ga. 336; 95 Ind. 29; 89 Ga. 777; *Id.* 754.

4. An instruction which in effect holds that a telephone company could not remove a telephone because the subscriber was indebted to it is not the law. Where a subscriber is indebted to a telephone company, the latter may remove its instrument for nonpayment of such debt, even where this action is based on a rule of the company alone; and certainly it would have that right where, as in this case, the subscriber had contracted in writing that the company should have such right. Jones on Telegraphs and Telephones, § 251; 23 L. R. A. (N. S.) 1010; 89 Miss. 259; 3 Wash. 316; 28 Am. St. Rep. 35; 118 N. W. 1064. See also 107 Pa. 102; 72 S. W. 985; 49 L. R. A. 596.

*J. B. Wood,* for appellant.

1. Unlike the Phillips case, 72 Ark. 478, relied on by appellant, the complaint in this case fully sets out the facts relied on by plaintiff as constituting discrimination, and these facts, if true, are sufficient to constitute discrimination under the statute. Kirby's Digest § 7948. The statute is not void for arbitrary classification, since it operates alike on all persons and localities of a class. 91 N. W. 421; 8 Cyc. 1073; 69 Ark. 526; 64 Ark. 83. The word "company" as used in the act should be construed to mean any person, partnership or corporation, Kirby's Digest § 7792; 63 Ark. 576; 66 Ark. 466; 75 Ark. 120; 36 Cyc. 1106–1112; 44 Am. Dig. Cent. Ed., tit. Statutes, § § 261–262; 25 S. E. 251; 3 N. E. 448; 4 Atl. 578. The statute is not void for uncertainty. 94 Ark. 533.

2. The first instruction states the law correctly as laid down in the Danaher case. 94 Ark. 533.

3. Appellee at all times offered, and showed his willingness, to pay for the present and future use of the telephone, which appellant refused to accept, but demanded more. Under such circumstances, actual tender was not necessary. 93 Ark. 497; 68 Ark. 505; 4 Ark. 251.

McCulloch, C. J. The plaintiff, J. B. Murphy, sued the defendant, Southwestern Telegraph & Telephone Company, to recover the statutory penalty of $100 per day for alleged failure to furnish telephone service in his residence in the city of Hot Springs, during a portion of the months of March and June, 1908. It is alleged that the failure to furnish service covered a period of about 20 days in March and 13 days in June, but the suit is to recover penalties for only 19 days and a judgment for $1,900 was prayed. The trial jury rendered a verdict in plaintiff's favor for $500, and defendant appealed. The defendant in its answer denied that it failed or refused to furnish service in March, and also alleged that the refusal to furnish service in June was because the plaintiff refused to pay therefor in accordance with established rules. The evidence adduced by plaintiff tended to establish the following state of facts: He had had a telephone in his residence since February, 1907, but it got out of repair early in March, 1908, to the extent that it afforded no service at all. He immediately notified the proper employee in defendant's telephone exchange as per instructions in the book of rules, and frequently repeated the notice by the same means, receiving, in response, a promise on the part of the employee who answered the telephone that the repairs would be made. An unsuccessful attempt was made on March 18 to repair the telephone, but it was not put in working order so as to afford proper service until March 26, or thereabout, and the service was continued without interruption from then until the telephone was removed on June 5 on account of plaintiff's alleged refusal to pay. It was the rule for telephone rents to be payable monthly in advance on the first day of each month, and plaintiff had paid the March rent in advance. On or about April 1 defendant's collector presented a bill of $2 for the month of April, which plaintiff refused to pay unless a deduction of two-thirds of the rent for the previous month should be credited on the bill on account of failure to furnish service during the time the telephone was

out of repair. The collector declined to allow the credit, and the bill was not paid. This was repeated again with like result on or about May 1, when the bill for April and May rents was presented, and again on June 1, when a bill for the three months was presented. The telephone was taken out on June 5, and reinstalled on June 18.

Plaintiff testified that when the bills were presented on May 1 and June 1 he offered to pay the bills for future service, but demanded that a deduction for failure to serve in March be credited on the April bill. This was denied by defendant's collectors, who testified that when they presented the bills plaintiff refused to pay anything unless the deduction claimed for March was credited. The court submitted the case to the jury on the question as to refusal to furnish service for the period in March as well as in June while the telephone was out of plaintiff's residence. In this we think the court erred, for there is no evidence which will justify a judgment for penalty during the period while the telephone was out of repair in March. The statute under which the penalty is sought to be recovered reads as follows:

"Every telephone company doing business in this State and engaged in general telephone business shall supply applicants for telephone connection and facilities without discrimination or partiality; provided, such applicants comply or offer to comply with the reasonable regulations of the company, and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in like situations; nor shall such company discriminate against any individual or company engaged in lawful business, by requiring as condition for furnishing such facilities that they shall not be used in the business of the applicant, or otherwise, under penalty of one hundred dollars for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations and time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused." Kirby's Digest, § 7948.

The manifest purpose of the statute is to inflict a penalty on a telephone company, not for negligence or inattention in failing to repair its instrumentalities for supplying service,

but for wilful refusal to furnish telephone connections and facilities without discrimination or partiality to all applicants who comply or offer to comply with the rules. The statute forbids discrimination, and mere neglect or inattention in repairing instruments does not constitute that. The most that the evidence tends to establish is negligence in failing to repair plaintiff's telephone. There is nothing to show that this was prompted by any intention to deprive plaintiff of the use of his telephone, and for that reason we are of the opinion that the question of discrimination during that period should not have been submitted to the jury. That error calls for a reversal of the judgment, for we have no means of determining whether the verdict of the jury was based upon that feature of the case or upon the other as to removal of the telephone in June.

In view of another trial of the case on the other branch of it, we deem it proper to refer to one of the instructions given at the request of the plaintiff, which reads as follows:

"1. If you find from the evidence that the plaintiff and the defendant had a misunderstanding as to the rental due for the use of the 'phone, the plaintiff claiming that his 'phone was out of service, that he had notified defendant of said fact from time to time and that said 'phone was in fact, out of service, and defendant had neglected to repair the same, and plaintiff was only willing to pay and offered to pay for the actual time the 'phone was in service, and demanded credit from the bill from the time said 'phone was out of service, which the defendant refused to give, and that defendant then repaired said 'phone and permitted it to remain in plaintiff's house for two months thereafter, and during which time it was used by plaintiff, and at the end of each month defendant would add to said bill the bill in controversy, which bills the plaintiff refused to pay in full without a deduction for the time said 'phone was out of fix, but did agree and offer to pay the bills with the deduction, and defendant refused to accept the same unless he would pay all the bills in full, including the disputed bill, and then defendant, because plaintiff failed to pay said disputed bill, took said 'phone out of plaintiff's residence, then you will find that the taking out of said 'phone was without authority of law, and, defendant having no right to do it, it was a discrimination against plaintiff, and plaintiff is entitled to recover

in this action one hundred dollars for each and every day you may find that the defendant so discriminated against plaintiff."

We will not say that the giving of this instruction constituted reversible error, for the objectionable features are such that attention should have been called to them specifically, but it was calculated to mislead the jury, and should not have been given in that form. The particular point at issue was as to whether or not the defendant removed the telephone from plaintiff's residence and refused to furnish service after he offered to pay for such service. The statute provides that telephone companies "shall supply all applicants for telephone connections and facilities without discrimination or partiality; provided, such applicants comply or offer to comply with the reasonable regulations of the company." The company had no right to refuse service on the ground of failure to pay for past service. *Danaher* v. *Southwestern Telegraph & Telephone Company*, 94 Ark. 533. Nor could a patron refuse to pay for future service on the ground that he was entitled to a credit for inefficient past service. He must, before he can sue for penalty under the discrimination statute, comply or offer to comply with the reasonable regulations, which may include payment for service in advance. *Yancey* v. *Batesville Telephone Company*, 81 Ark. 486. Neither of the parties—the company nor its patron,—has the right to impose as a condition upon the furnishing of future service or payment therefor the settlement of an account for past service or payments. *Danaher* v. *Southwestern Telegraph & Telephone Company, supra.*

The burden was on plaintiff to adduce evidence to bring the case within the terms of the statute before he can recover the penalty prescribed thereby. He testified that he offered to pay for future service each month, and that the service was refused unless he paid the account for past service. This was denied by defendant's agents, and it constituted an issue which should have been submitted to the jury. The instruction, just quoted, was confusing, and did not clearly submit that issue.

Judgment reversed, and the cause remanded for a new trial.

HART, J., concurs in the judgment.