SOUTHWESTERN TELEGRAPH & TELEPHONE CO. *v.* FENDLEY.

## Opinion delivered March 27, 1916.

TELEPHONE COMPANIES—SERVICE TO PATRONS—NEGLIGENCE—DISCRIMINA-
TION.—Mere negligence in failing to properly repair the telephone
connections to plaintiff's house, after the wires had been destroyed
by a fire, will not support an action against the telephone company
for failing to supply plaintiff with telephone·connection and facili-
ties, without discrimination or partialty.

Appeal from Searcy Circuit Court; *Jno I. Worthing-ton,* Judge; reversed.

### STATEMENT BY THE COURT.

This appeal is from a judgment in favor of appel-
lee for the penalty under the law, requiring telephone
companies to supply applicants for telephone connection
and facilities without discrimination or partiality.

It appears that E. G. Fendley, appellee, a physician,
was·a subscriber for telephone service in his residence at
Leslie and had paid his rent in advance for the last quar-
ter to the first of January, 1914. On November 20th,
a fire occurred in the town which burned in two the cables
carrying fifty pairs of wires, including the wires to the
residence of Doctor Fendley. The telephone company im-
mediately set about the repairs of the nineteen telephones
put out of use thereby. The telephone company got an-
other messenger cable from Little Rock, cut the wires and
put them in the new cable and on Monday evening, the
23d inst., had all the wires repaired. When the repairs
were finished, the lines were tested from the cable to the
residence and the doctor's phone appeared to be in con-
dition. It was not, however, and he complained two or
three times and demanded that his 'phone be fixed and
the service supplied, finally giving a notice in writing.
Each time he complained, the manager agreed to fix the
'phone and thought it had been fixed the first time after
the test from the cable to the dwelling, until after the next
complaint when he tried to call from the central station to
the residence.

On the 1st of December, it was worked on again, the memorandum from the office showing "Clearing line fixed on P. B. Thomas and Doctor Fendley's telephones." It was fixed that day so it would work and was repaired finally so there was no further trouble about it on December 8. The lineman had difficulty in locating the trouble after the connection was made of the wires in the cable and finally discovered that the 'phone was placed on a bad pair of wires and remedied the defect.

The manager did all the repair work in Leslie and on the toll line from Heber Springs to other towns and stated he made the repairs on appellee's telephone as soon as it could be done; that there was one time when complaint was made that he could not get to it immediately, being called off on trouble on the toll line.

Appellee testified that the manager of the telephone company was his friend and agreed every time he complained about the telephone to fix it right away, but that it was not fixed until eighteen days after the fire, while the 'phones of the other subscribers that had been disconnected by the burning of the cable, were repaired and the service resumed within three days after the fire.

The operator at the central station when any calls came for the physician, tried to get him over other telephones near his residence and to notify him of all calls that came for him. Especially was this true of the night operator.

The court instructed the jury and refused to direct a verdict for the telephone company.

*A. P. Wozencraft, Walter J. Terry* and *Edward B. Downie,* for appellant.

1. A verdict should have been directed for defendant. 100 Ark. 546, 549; 107 *Id.* 611. The statute only inflicts the penalty for discrimination, not for negligence or inattention in failing to repair or supply service.

*D. T. Cotton,* for appellee.

1. The jury under proper instructions found that there was a wilful and intentional neglect to repair. This

was sufficient. 100 Ark. 546; 107 *Id.* 611; 81 *Id.* 493; *Ib.* 61; 89 *Id.* 574; 98 *Id.* 227; 102 *Id.* 460.

2. The finding of the jury should not be disturbed. 75 Ark. 111; 76 *Id.* 326; 67 *Id.* 399.

KIRBY, J., (after stating the facts). In *Southwestern Telegraph & Telephone Company* v. *Murphy*, 100 Ark. 546, the court in construing the statute prescribing the penalty, section 7948, Kirby's Digest, said:

"The manifest purpose of the statute is to inflict a penalty on a telephone company, not for negligence or inattention in failing to repair its instrumentalities for supplying service, but for wilful refusal to furnish telephone connections and facilities without discrimination or partiality to all applicants who comply or offer to comply with the rules. The statute forbids discrimination, and mere neglect or inattention in repairing instruments does not constitute that. The most that the evidence tends to establish is negligence in failing to repair plaintiff's telephone. There is nothing to show that this was prompted by any intention to deprive plaintiff of the use of his telephone, and for that reason we are of the opinion that the question of discrimination during that period should not have been submitted to the jury."

The undisputed testimony shows that all the telephones upon the wires carried by the cable that was burned were disconnected and put out of service thereby, that the telephone company began work immediately to renew the cable and restore the service, working on the cable on the first three days after the fire; that the test from the cable to appellee's residence on the 24th of November showed the 'phone connected, that it was again fixed on December 1, but the service was not good until it was repaired finally on December 8. The trouble resulted from bad connection of the wires in the cable or from defective wires and was remedied as soon as it could be located. The appellee stated that the manager of the telephone company was his friend and agreed every time when complaint was made to fix the 'phone immediately.

The delay in restoring the service was due to the failure sooner to locate the trouble and the testimony shows no intention upon the part of the telegraph company to discriminate against or refuse to furnish telephone connection and facilities to the appellee. The testimony at most shows no more than negligence on the part of the company in failing to repair the line, causing the delay in furnishing the service and does not tend to show there was any intention to deprive appellee of the use of his 'phone and is not sufficient to show a refusal to furnish telephone connection without discrimination or partiality and entitle appellee to recovery of a penalty therefor.

The court erred in not directing a verdict in appellant's favor and the judgment is reversed and the cause dismissed.