RICE BELT TELEPHONE CO. *v.* MALCOMB.

Opinion delivered November 26, 1917.

1.  STATUTES—REPEAL OF GENERAL BY SPECIAL ACT.—A special act does not repeal a general act unless there is a manifest repugnancy in their provisions, or unless the special statute was obviously intended as a substitute for the general act.

2.  STATUTES—REPEAL—SERVICE OF SUMMONS—TELEPHONE COMPANIES.—Acts of 1913, p. 192, establishing two judicial districts in Arkansas County, does not repeal Act of 1909, p. 293, regulating the service of summons upon corporations.

3.  TELEPHONE COMPANIES—FAILURE TO GIVE SERVICE—PENALTY.—It is error to instruct the jury that a telephone company is liable for the statutory penalty for failure to install a telephone in plaintiff's place of business upon request, irrespective of whether the telephone company acted wilfully or merely negligently.

Appeal from Arkansas Circuit Court, *Thomas C. Trimble,* Judge; reversed.

*Lee & Moore* and *John L. Ingram,* for appellant.

1.  The suit should have been dismissed or transferred. Acts 1913, 192; Acts 1909, 293. Both parties resided in the Northern District and courts of the Southern District had no jurisdiction.

2.  Instruction No. 1 was error. The penalty is not for negligence or delay, but only for wilful refusal or discrimination. Kirby's & Castle's Digest, § 9903; 123 Ark. 197. There is no testimony of wilful refusal nor discrimination.

*J. M. Brice* and *Moncrief & Condray,* for appellee.

1. The verdict is supported by the testimony. 125 Ark. 225, 464.

2. Instruction No. 1 is correct. 102 Ark. 547. There is no error.

### STATEMENT OF FACTS.

Alice Malcomb sued the Rice Belt Telephone Company in the circuit court for the Southern District of Arkansas County to recover the statutory penalty for the refusal of the telephone company to install a telephone in her place of business in Stuttgart, Arkansas County, Arkansas.

In September, 1916, Alice Malcomb resided in Stuttgart, Arkansas, and was running a restaurant there. On September 18, 1916, she entered into a written contract with the Rice Belt Telephone Company to install a telephone in her restaurant. The telephone company failed to install the telephone, and she instituted the present action on the 30th day of December, 1916, to recover the penalty prescribed by the acts of 1913. See Acts of 1913, page 346. In a short time after the institution of the suit the telephone company installed a telephone in her restaurant.

On the part of the telephone company it was proved that during the ten days following the execution of the contract for the installation of the telephone in the restaurant of the plaintiff that it sent its agents there during three different days for the purpose of installing the telephone and that they were not able to do the work because the house was shut up. It was also shown that the officers of the telephone company did not know where the plaintiff resided in Stuttgart and they thought she had abandoned her business.

On the other hand, the plaintiff testified that her place of business was running every day after she made the contract, and her testimony in this respect was corroborated by that of other persons who did business with her. She stated that her business was opened from 9:30 to

10:30 o'clock in the morning and was kept open throughout the day.

The jury returned a verdict for the plaintiff for $100 penalty and for $5 per day for 101 days, making a total of $605. From the judgment rendered the defendant has appealed.

HART, J., (after stating the facts). The plaintiff resided in the town of Stuttgart in the Northern District of Arkansas County, and the telephone company had its principal office there. Its lines extended into the Southern District of Arkansas County and it had a branch office there. The plaintiff brought this suit in the Southern District and the telephone company moved to transfer it to the Northern District. The court refused to make the transfer and its ruling is now assigned as error calling for a reversal of the judgment.

The Legislature of 1909 passed an act regulating the service of summons on corporations. Section 1 provides that all foreign corporations and domestic corporations who keep or maintain in any of the counties in this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where such corporation so keeps or maintains such office or place of business and that service of summons upon the agent or employee in charge of said office or place of business shall be sufficient service and shall give jurisdiction to any of the courts of this State held in the counties where such service of summons is had. Acts of 1909, page 293.

The Legislature of 1913 passed an act establishing two judicial districts in Arkansas County. Courts were to be held at Stuttgart for the Northern District and at DeWitt for the Southern District. Section 6 provides that said districts for all purposes of the act shall be considered as separate and distinct counties and that the mode and place for trying suits shall be determined by the general law applicable to different counties. Acts of 1913, page 192.

(1) It is the contention of counsel for the telephone company that the latter act repealed the former one. We

do not agree with counsel in this contention. A special act will not repeal a general law unless there is a manifest repugnancy in their provisions or one was obviously intended as *pro tanto* a substitute for the other. 36 Cyc., p. 1093.

(2)      There is a field of operation for both statutes. The later special act does not in express terms repeal the former one. Repeals by implication are not favored. The two acts were passed to accomplish different objects and their provisions are not irreconcilable or necessarily inconsistent. Both may stand and be operative without being repugnant to each other. *Chamberlain* v. *State,* 50 Ark. 132, and *McFarland* v. *State Bank,* 4 Ark. 415.

Neither can it be said that because the act of 1913 was enacted after the act of 1909, that the provisions of the former do not apply to the judicial districts created by the latter act. The statute of 1909 is general in its terms and must be held to apply to any county or district existing during the life of the act. Hence it could not be said that the general act did not apply because it was enacted prior to the passage of the special act of 1913.

(3)      It is next contended that the court erred in giving instruction No. 1, which is as follows:

"You are instructed that telephone companies, by the necessities of commerce and by public use, have become common carriers of communications, and as such must supply all applicants alike, who are similarly situated, within ten days after written demand therefor and can not discriminate in favor of or against any one, and if you find from the testimony in this case that the plaintiff, Miss Alice Malcomb, applied for telephone service in the city of Stuttgart, Arkansas, and a mutual contract was signed by her and defendant company on the 18th day of September, 1916, which contract is in evidence and was complied with on the part of the plaintiff, and after ten days from the date of said contract defendant company had not supplied her with telephone connections with its switchboard in said city as alleged in her complaint, and as provided in said contract, then defendant company

would be liable for $100 penalty and an additional sum of $5 per day for each day thereafter that it failed to supply plaintiff with telephone connections and service.''

In this contention we think counsel are correct. In the case of *Southwestern Telegraph & Telephone Company* v. *Murphy,* 100 Ark. 546, in construing a statute in all respects similar to the one now under consideration except as to the penalty provided, the court said:

''The manifest purpose of the statute is to inflict a penalty on a telephone company, not for negligence or inattention in failing to repair its instrumentalities for supplying service, but for wilful refusal to furnish telephone connections and facilities without discrimination or partiality to all applicants who comply or offer to comply with the rules. The statute forbids discrimination, and mere neglect or inattention in repairing instruments does not constitute that. The most that the evidence tends to establish is negligence in failing to repair plaintiff's telephone. There is nothing to show that this was prompted by any intention to deprive plaintiff of the use of his telephone, and for that reason we are of the opinion that the question of discrimination during that period should not have been submitted to the jury. That error calls for a reversal of the judgment, for we have no means of determining whether the verdict of the jury was based upon that feature of the case or upon the other as to removal of the telephone in June.''

It is manifest that the instruction complained of is contrary to the decision of the court just quoted. Under the instruction as given the jury was required to find for the plaintiff if the defendant company had not supplied her with telephone connections within ten days after the date of her contract with the company regardless of the fact of whether the failure was wilful or not. The burden of the proof was on the plaintiff to bring the case within the terms of the statute. It is true the undisputed evidence shows that the company failed to install the telephone within the limit of time prescribed by the statute, but it can not be said that the undisputed evidence shows

that the failure was wilful or prompted by any intention to deprive the plaintiff from having a telephone.

According to the evidence adduced by the company, its servants went to the place of business of the plaintiff within reasonable hours for the purpose of installing a telephone under the contract. The house was closed up. They went again on two separate days and did not find any one there.

According to the plaintiff's own testimony she did not open her business until very late in the morning from 9:30 to 10:30 o'clock. The servants of the company did not know where the plaintiff resided. Under these circumstances the giving of the instruction in the form set out above was prejudicial to the rights of the defendant company. See also *Southwestern Tel. & Tel. Co.* v. *Garrigan,* 107 Ark. 611, and *Hill* v. *Southwestern Tel. & Tel. Co.,* 117 Ark. 104.

For the error in giving instruction No. 1, at the request of the plaintiff, the judgment must be reversed and the cause remanded for a new trial.